ALBERT SHEPARD, plaintiff in error, *v.* WILLIAM B. OGDEN, defendant in error.

*Error to the Municipal Court of the City of Chicago.*

An affidavit cannot give jurisdiction to a Court to send its process out of the county; the jurisdiction, if it exists, must appear from the declaration.

A declaration in assumpsit, in the Municipal Court of the city of Chicago, in a case where process is served upon a defendant out of Cook county, and in the county in which he resides, should state that the contract was specifically made payable in the county of Cook, or that the plaintiff resides in that county, and the cause of action arose therein.

The general statement in a declaration, under a *videlicit*, that on a particular day, and at a particular place, the defendant was indebted to the plaintiff, is no averment that the cause of action arose in that place.

The cause of action against a principal debtor in favor of his surety, accrues when the surety pays the debt, not before.

Where a motion was made to quash a writ on the ground of a want of jurisdiction in the Court to issue it, on account of defects in the declaration, and the plaintiff asked leave to amend his declaration, which was granted: *Held*, that this was a virtual overruling of the motion.

The rule that a plea to the jurisdiction of the Court, or in abatement, must be pleaded at the return term of the process, and before the party has entered a full appearance in the cause, has its exceptions. One of these exceptions is, where the declaration is not filed at the first term. In that case the defendant is not bound to plead either to the jurisdiction or in abatement, until the plaintiff is in a situation to call upon him for a plea.

THIS cause was tried in the Court below, at the November term, 1837, before the Hon. Thomas Ford. Judgment was rendered for the plaintiff for $ 876,45 and costs. The defendant prosecuted a writ of error to this Court.

URI OSGOOD, for the plaintiff in error, cited Const. of Illinois, Art. 8, § 1, 15; Acts of 1837, 75–7, § 69, 75, 78, 81; *Idem* 81 § 1; Bell *v.* The People, 1 Scam. 397; Key *v.* Collins, 1 Scam. 403.

J. YOUNG SCAMMON, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by Ogden against Shepard, in the Municipal Court of the city of Chicago. The first process, which was a *capias*, was founded on the usual affidavit, that the plaintiff would be in danger of losing his debt in case the defendant was not held to bail; and that the indebtedness arose

in the city of Chicago, and that the plaintiff was a resident of said city. The *capias* was directed to the sheriff of the county of Will, where the defendant was arrested and held to bail.

The declaration, as originally filed, contained the common money counts, with a count on an *insimul computassent*. The declaration states that " the defendant heretofore, to wit, on the 19th of June, 1837, at the city of Chicago, was indebted," &c., but contains no averment that the plaintiff was a resident of the city of Chicago, or that the cause of action arose there, except as above stated.

Appended to the declaration is the copy of a note on which it is said the action is brought, made by the plaintiff and the defendant, the defendant as principal, and the plaintiff as surety, payable to the State Bank of Illinois at their Branch at Chicago. Also an account in the following words:

" ALBERT SHEPARD to WILLIAM B. OGDEN,                    *Dr.*
    To amount paid for Shepard on the above note,        $1000  ;
    " money due and owing from Shepard,    .    .      1000"

At the return term of the *capias ad respondendum*, the defendant below appeared and moved the Court to quash the writ issued in said cause, for want of jurisdiction in the clerk to issue the same to Will county, which the plaintiff resisted; and after argument of the motion, which the Court took time to consider, the plaintiff moved the Court for leave to amend the declaration, which leave was granted without disposing of the motion to quash the writ. And thereupon the plaintiff amended the declaration by inserting the words, after the plaintiff's name in the commencement of the declaration, "who is a resident of the said city of Chicago." Whereupon the defendant moved the Court to continue the cause on the ground of a material amendment to the declaration; which motion was sustained, and the cause continued. At the next term the defendant filed a plea in abatement to the jurisdiction of the Court, averring that he was a resident of the county of Will, and that the Court had no jurisdiction over his person. To this plea was appended an affidavit of the defendant, of the truth of his plea. The plaintiff below demurred to this plea, and the defendent joined in demurrer.

The Court sustained the demurrer, and the defendant not further answering, a judgment by default was entered, and the damages assessed by a jury at $876,45. The Court gave judgment thereon. A variety of errors have been assigned; it is, however, only necessary to enquire whether the Municipal Court lawfully exercised jurisdiction in this case. Without deciding the question whether the late Municipal Court had, in any case, right to issue its original process into any other county than the county of Cook, it clearly had no jurisdiction in this case. This Court has heretofore decided that an affidavit could not give jurisdiction. The jurisdiction, if it

exists, must appear in the declaration. In the case of Key *v.* Collins,(1) decided at the December term, 1837, this Court say, that the Circuit Courts are authorized to direct original process to a different county from that in which the action is commenced, in three cases only. "First, The plaintiff may commence an action in the county where he resides, if the cause of action accrued in such county; Secondly, The act authorizes an action to be commenced in any county where the contract is specifically made payable, without regard to the residence of the plaintiff; and, Thirdly, Where there are several defendants residing in different counties, the plaintiff may commence his action either in the county where the cause of action accrued and in which he resides, or in any county where one or more of the defendants reside." In the case at bar, if the plaintiff had a right to direct his *capias* to Will county, it must be under that part of the statute which authorizes a defendant to be sued in the county where the plaintiff resides. But under this part of the statute, this Court, in the case of Collins *v.* Key, say, "Two facts must concur; the cause of action must accrue, and the plaintiff reside in the same county."

The declaration, as originally filed, was deficient in two particulars. It contained no averment that the plaintiff below was a resident of the county of Cook, and no sufficient averment that the cause of action accrued in that county.

The general statement in a declaration, under a *videlicit*, that on a particular day, and at a particular place, the defendant was indebted to the plaintiff, is no averment that the cause of action arose in that place. One man indebted to another, is indebted to his creditor, whoever that creditor may happen to be, and the words contained in the declaration were mere words of form, and are intended as words laying a venue, and are not designed to show or give jurisdiction; and the plaintiff, under them, could give evidence of an indebtedness contracted at another time and place.

The defendant was consequently entitled to the benefit of his motion to quash the writ.

The subsequent motion of the plaintiff to amend his declaration, and the amendment made in consequence thereof, admitting the right of a party to have an amendment of his proceedings, so as to give a Court jurisdiction, did not effect the object. The declaration still remained without an averment that the cause of action arose in Cook county. Nor does a reference to the copies of the note and account at the end of the declaration, if it were proper to use them as a part of the declaration, give the Court jurisdiction. The note is neither sued or declared on; and it merely shows the fact that the plaintiff was surety for the defendant. That fact did not give the plaintiff a right of action against the defendant. When

(1) 1 Scam. 403.

a surety pays the money, the law raises an implied assumpsit that the original debtor will repay the security the amount he has been compelled to pay, in consequence of his being surety. The cause of action then accrued when the plaintiff paid the money to the Bank; but the account does not state where he paid the money on the note, nor does it state were the second item of the account was contracted.

The Court, then, notwithstanding the amendment of the declaration, should have granted the motion to quash the *capias.*

It was, however, urged on the argument, that the defendant below, by asking a continuance of the cause, after the Court granted leave to amend the declaration, had waived his motion; and that at the next term, it was too late to plead in abatement. The Court, by granting leave to amend, virtually overruled the defendant's motion to quash, as the object of the amendment was to show jurisdiction in the Court. The defendant consequently waived nothing. It also appears from the record, that the leave to amend the declaration, and the continuance of the cause, based on the leave to amend, occurred on the 13th of July, 1837; and the amendment was actually made on the 21st of August, 1837, which was probably after the adjournment of Court. The rule of law that a plea to the jurisdiction of the Court, or in abatement, must be pleaded at the return term of the process, and before the party has entered a full appearance in the cause, has its exceptions. One of these exceptions is, where the declaration is not filed at the first term. In that case, the defendant is not bound to plead either to the jurisdiction or in abatement, until the plaintiff is in a situation to call upon him for a plea.

In the case at the bar, there was no declaration filed in the cause, which the defendant was, by the practice of the Court, bound to answer at all, until the next term after the amendment was made.

The plea to the jurisdiction was therefore filed in due time, and upon the principles above laid down, ought to have been sustained, and the writ quashed.

The judgment must consequently be reversed with costs, and a judgment be entered that the writ be quashed.

*Judgment reversed.*

*Note.* See Beaubien *v.* Brinckerhoff and note, *Post.*