[No. 1002. Decided December 18, 1893.]

C. M. AUSTIN, *Respondent*, v. A. N. HAMILTON AND E. H. HUBBART, *Appellants*.

GUARANTY — IMPLIED CONTRACT — ACTION BY GUARANTOR OF
PROMISSORY NOTE — ATTORNEY FEES.

Where a promissory note has been paid by a guarantor, the makers cannot avoid liability to him on the ground that his contract of guaranty was a voluntary one, when the evidence shows that the makers had originally executed a note to the guarantor which he had negotiated to a bank, and that, upon a series of re-

newals, the note was finally made directly to the bank by the original makers, and a contract of guaranty indorsed thereon by the original payee, although without the direct request of the makers, as the note upon which the guaranty was given stands as a continuation of the original transaction between the parties.

An action to recover money paid out as guarantor upon a promissory note is not an action upon the note, and the plaintiff is not entitled to recover the attorney fees provided for in the note.

*Appeal from Superior Court, King County.*

*Turner & McCutcheon,* for appellants.

*Irving T. Cole,* for respondent.

The opinion of the court was delivered by

HOYT, J.— This action was brought by the plaintiff to recover of the defendants moneys which it was alleged he as guarantor of a certain note of the defendants had been compelled to pay for and on their behalf. Defendants, by their answer, denied that such guaranty was made at their instance or request, or that the money which the plaintiff as such guarantor had been compelled to pay was so paid for their use and benefit. The note upon which the contract of guaranty was indorsed was made payable to the Boston National Bank, at whose request, and as a part of the transaction by which it accepted the note, the guaranty was made. The only reason which is suggested on the part of the defendants why the verdict of the jury was wrong grows out of a claim that the plaintiff failed to prove that the contract of guaranty which he entered into was made at their request, or for their use and benefit. And if we were of the opinion that the proofs, when taken together, did not establish any further facts than the defendants concede to them, we should probably agree with their contention as to the legal propositions involved in the case. But as we view the proofs offered on the part of the plaintiff, they fully establish every proposition which

the defendants claim it was necessary for him to have established in order that he might recover.

It is true that the proofs may not have satisfactorily established the fact that there was any direct request on the part of the defendants, or either of them, to the plaintiff at the time he made the contract of guaranty upon which the suit was brought that he should do so; and, if the objections of the defendants as to the proof of other transactions which led to the giving of this note and the guaranty thereof should be sustained, the case of the plaintiff would, perhaps, fail for want of proof. In our opinion, however, the court properly allowed proof to go to the jury as to all the transactions which led up to the giving of this note and the indorsement of the contract of guaranty thereon. Such proofs satisfactorily established the fact that an original note had been made to the plaintiff and another person, with whom he was acting, to secure an indebtedness due to them from one or both of the defendants; that the said plaintiff and the person with whom he was acting duly indorsed and guaranteed such original note to the Boston National Bank, and obtained the money thereon; that upon such note becoming due it was not paid by the makers, but was taken up by the giving of a new note made by the makers of the original one either directly to the bank or to the payees of the former note, and by them guaranteed to the bank; that this transaction had been repeated one or more times, but always as a continuation of the original transaction by which the defendants arranged to have their note used by the plaintiff, or the plaintiff and the one with whom he was associated, at the bank for the purpose either of obtaining the money thereon or procuring a renewal of the note upon which the money had been originally obtained.

Such being the fact, it is evident that, if the several notes which were made by the defendants in the transaction had

been each made to the plaintiff, and by him indorsed and
guaranteed to the bank, the defendants would be liable to
him, if as such indorser and guarantor he had been called
upon by the bank to pay the amount due upon the note,
and we do not think, under the circumstances disclosed by
the proofs, that the fact that the subsequent notes were
made directly to the bank and guaranteed by the plaintiff,
instead of being made to him and then guaranteed, could
in any manner affect the substantial rights of the parties
to the note.    The transactions taken together clearly show
an intent on the part of the makers of the note, and of
the plaintiff as the one for whose benefit the notes were
made, to procure of the bank the carrying of the amount
originally due from the defendants, upon the joint credit
of the makers of the note, and the plaintiff as indorser or
guarantor.

A technical objection was raised by the defendants, grow-
ing out of the manner in which the note and the guaranty
thereon were put in evidence, but we think the whole
transaction occurring at the trial sufficiently established the
fact that the note and the guaranty written thereon were
properly in evidence.

The exception to the instruction given by the court to
the jury, relied upon in the brief of appellants, is founded
upon their contention as to what was shown by the proofs,
with which contention we cannot agree.   It is not claimed
but that such instruction correctly stated the law, if there
was anything in evidence from which the jury were author-
ized to find that the contract of guaranty was made at the
instance or for the benefit of the defendants, and as we
think there was, it follows that the defendants were not
injured by such instruction.

The court in entering judgment included as a part thereof
fifty dollars as an attorney's fee, that being the amount
stipulated in the note to be paid by the makers in case ac-

tion was brought thereon. In so doing the court committed an error. The action was not upon the note as such, but was to recover money paid out by the plaintiff for the use and benefit of the defendants. If the defendants had properly moved against this particular item and called the attention of the court thereto, and it had refused to modify the judgment by striking it therefrom, we should award the appellants costs of this court on account of our modification of the judgment in that regard, but as the record fails to show that this particular item was separately moved against, or the attention of the court in any manner specially called to such error, it would not be just to award them costs of the appeal on that account.

The cause will we remanded to the superior court with instructions to set aside the former judgment, and enter a new one for the amount thereof, less said item of fifty dollars, with interest on such amount from the date of the former judgment; the respondent to be allowed costs as upon a full affirmance.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.