[No. 15470.  Department One.  December 18, 1919.]

LARS HOLLAND, *Respondent*, v. CHRISTIAN TJOSEVIG, *Appellant*.[1]

PRINCIPAL AND SURETY (59)—REMEDIES OF SURETY—AGAINST PRINCIPAL AFTER PAYMENT OF DEBT. Where one of two makers of a joint and several note signed as an accommodation maker and surety only, the other receiving all the consideration, he may, upon paying the note, recover the amount paid from his comaker.

EVIDENCE (150, 160)—PAROL EVIDENCE TO VARY WRITING—LIABILITY OF SURETY ON NOTE—EXTENT. As between the makers of a joint and several note, oral evidence is admissible to show that one of the parties was in fact a surety, and the other primarily liable and bound to reimburse the surety paying the note.

LIMITATION OF ACTIONS (41)—COMPUTATION OF TIME—REIMBURSEMENT FROM PERSON ULTIMATELY LIABLE. An action against the principal maker of a promissory note upon the implied obligation which arose when the surety paid it does not accrue until the note was paid, and the statute begins to run from that time.

SAME (67, 74)—TOLLING STATUTE—ACKNOWLEDGMENT—PERSONS BY WHOM MADE AND TO WHOM AVAILABLE. Principal and surety upon a promissory note are not within the rule that acknowledgment by one partner of a partnership debt after dissolution of the partner-

[1]Reported in 186 Pac. 317.

ship does not deprive the other of the benefit of the statute of limitations.

SAME (87)—PLEADING STATUTE AS DEFENSE—NECESSITY. Where a statute of limitation is pleaded in the complaint, it may be invoked by the defendant although not pleaded in his answer.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 4, 1919, upon findings in favor of the plaintiff, in an action for money paid, tried to the court. Affirmed.

*Henry Gulliksen,* for appellant.
*Smith, Chester & Brown,* for respondent.

MAIN, J. — The purpose of this action was to recover money which the plaintiff had paid on a promissory note, he claiming that it was the primary obligation of the defendant. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiff's right to recover. From this judgment, the defendant appeals.

On April 6, 1908, the appellant and respondent, at Valdez, Alaska, signed and delivered a promissory note payable to A. L. Levy & Company, and due six months after date. The note was a joint and several obligation upon which both of the parties signing were liable as principals. On September 19, 1913, the respondent paid the note to the holder thereof. In the complaint, two Alaska statutes are pleaded, one relative to the interest rate in that district, and the other the statute of limitations. The latter statute, among other things, provides that an action upon a contract, express or implied, shall be barred after the lapse of six years. When the cause was called for trial, the defendant asked leave to file an amended answer in which he sought to plead the same statute

of limitations as a defense. This request, upon objection by the respondent, was refused by the court. The present action was begun on February 11, 1918, or within six years after the respondent had paid the note.

The first question is whether the evidence sustains the finding of the trial court that the appellant was the sole beneficiary of the consideration for which the note was given. The testimony upon this question took a somewhat wide range. The trial court, as already indicated, found that, as between the parties to this action, who were the makers of the note, the respondent signed as an accommodation maker and in the capacity of a surety, and that the appellant had received the entire consideration for which the note was given. As we view the record, the preponderance of the evidence sustains the findings of the trial court.

The next question is whether oral testimony is admissible to show that, as between the makers of a note, one of the parties was in fact a surety and that the obligation was primarily that of the other signer, where the parties as to the holder were jointly and severally liable. Upon this question the rule is that, as between the makers of a note and the holder, all are alike liable, all are principals, but that, between themselves, their rights depend upon other questions, and these rights may be determined by oral testimony. *Robison v. Lyle,* 10 Barb. (N. Y.) 512; *Apgar's Adm'rs v. Hiler,* 4 Zab. (N. J. L.) 812. In the latter case it was said:

"But it was clearly competent for the plaintiff to show in what relation the several signers of the note stood to each other—as to the payee they were all principals, and all bound jointly and severally to pay the debt. But their relation to each other depended not upon the form of the note, nor whether their names

were signed first or last to the note, but upon the character in which they became parties to the note, and the agreement or contract made among themselves at the time of signing. This was matter *in pais* proper to be proved by parol. And though the memorandum imports *prima facie* that Apgar and Hiler were joint securities, it was competent for the plaintiff to show whether they were securities for Fisher alone, or for each other also.''

As to the statute of limitations, the appellant claims that the statute runs from the due date of the note. The respondent claims that the statute was not set in motion until he paid the note. This is not an action upon the note, but upon an implied obligation which arose when the respondent paid the note, upon which he, as related to the appellant, was a surety. The cause of action did not accrue until the note was paid, and the statute of limitations then began to run. *Reid v. Flippen,* 47 Ga. 273; *Shepard v. Ogden,* 3 Ill. 257; *Wilson v. Crawford,* 47 Iowa 469; *Barnsback v. Reiner,* 8 Minn. 59; *Thayer v. Daniels,* 110 Mass. 345.

In the last case cited, it was said :-

''There was an implied promise on the part of the defendant, as principal, to indemnify the surety, and to repay to him all the money that he might be compelled, in consequence of his liability as surety, to pay to the creditor. Until the surety has been compelled to make such payment, there is no breach of this implied promise. The cause of action accrues then for the first time, and the statute of limitations then begins to run. Of course, the exception that the claim of the plaintiff is barred by that statute cannot' be maintained.''

In this case the respondent paid the note on September 19, 1913. The cause of action arose when the note was paid by respondent. The statute of Alaska permits an action to be maintained upon an implied obligation within six years after the cause of action

accrued.    The present action was instituted on the 11th day of February, 1918, and within the six-year period, and hence was not barred by the statute of limitations.

The appellant cites a line of cases which hold that the acknowledgment by one partner of a partnership debt, after the dissolution of the partnership, does not deprive the other partner of the benefit of the statute of limitations.    This rule, however, has no application to the facts in the present case.    The parties here were not partners but the makers of a promissory note, and, as between themselves, one was a principal and the other a surety.

Some complaint is made of the ruling of the trial court in refusing to permit the amended answer to be filed.    Upon this question it only need be said that by this ruling the appellant was not prejudiced.    He sought to plead as a defense a statute which had been set out in the complaint.    Upon the trial, he was not denied the right to offer any testimony by reason of the fact that the amended answer was not filed.    The statute of limitations, having been pleaded in the complaint, could be invoked by the appellant in his behalf, even though not pleaded in the answer.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.