[No. 31959.   Department One.   August 14, 1952.]

CHARLES EDER, *Respondent,* v. ROBERT R. NELSON *et al.,*
*Appellants.*[1]

[1]Reported in 247 P. (2d) 230.

*Harley W. Allen,* for appellants.

*John T. Moran, John N. Leavitt,* and *R. E. Young,* for respondent.

DONWORTH, J.—Plaintiff, alleging that he executed a ten thousand dollar note without consideration for the sole purpose of providing defendant husband, the payee thereof, with negotiable paper, brought this action for reimbursement after having been required to pay to the holder the face amount of the note with interest.

A demurrer to the amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action was overruled, and defendants answered, denying plaintiff's allegations. As a separate and further defense, they alleged that the defendant husband and plaintiff were involved in negotiations contemplating the loan 'of money to one Earl Pratt; that, prior to any agreement having been reached in the negotiations, plaintiff executed the note in question and defendant husband indorsed it; that plaintiff received the proceeds of the note; and that defendants received no consideration for the indorsement thereon.

Plaintiff's reply denied the allegations of the separate and further answer, and on the issues thus made the action was tried to the court, sitting without a jury.

At the close of plaintiff's case, defendants moved for an involuntary nonsuit. The motion was granted. Thereafter, plaintiff moved for a new trial. This motion was likewise granted. Defendants have appealed from the order granting a new trial.

For convenience we shall hereafter refer to defendant husband as if he were the sole appellant.

In determining whether the trial court was correct in granting respondent a new trial, we must decide whether respondent, who claimed to be an accommodation maker but who admittedly, upon appellant's negotiation of the note and at his direction, received ten thousand dollars, should

have been permitted to attempt to prove that appellant *actually* received the proceeds of the note.

The facts, as they appear from respondent's evidence, are few. Pratt, who operated a livestock auction business in Tonasket, was indebted to respondent in the sum of ten thousand dollars. Appellant desired to enter into the auction business with Pratt, who required additional capital. Appellant sought a loan of ten thousand dollars from the First National Bank of Tonasket for the purpose of buying an interest in Pratt's business. The bank refused to make the loan because appellant was already indebted to the bank in such amount that, if this additional loan were made, appellant's total indebtedness to the bank would have exceeded the limit which it could legally loan to one individual without security.

After the bank's refusal, appellant approached respondent and requested him to sign as comaker on a note at the bank. Respondent and appellant went to the bank on February 20, 1948, and respondent indicated his willingness to sign a note as comaker with appellant. The bank refused to make the loan under such an arrangement, for the reason that, with appellant's name appearing as a primary party on the note, his total indebtedness to the bank would still exceed its loan limit.

The bank officials suggested that if respondent would sign a note as maker, with appellant indorsing it, they would be willing and able to make the loan, and that respondent and appellant might make such agreement between themselves as they cared to relative to paying the note at maturity. The parties carried out this suggestion: respondent executed a note for ten thousand dollars payable to the order of appellant, who indorsed it and negotiated it to the bank, which, at appellant's direction, issued its cashier's check in the amount of ten thousand dollars to *respondent*. This check was deposited to respondent's credit in another bank.

The bank president, who participated in the transaction, testified that respondent and appellant agreed in his presence that appellant, while appearing as the payee and

indorser on the note, should be the person obligated to pay it. The bank president and cashier also testified that Pratt paid the interest on the note for a time, that when he ceased to do so the bank sent notices to appellant, and that, when appellant failed to pay the note, respondent was called upon to pay and did pay it.

Respondent offered, but was not permitted, to prove that he received the ten thousand dollars from the bank as the result of a short cut taken for reasons of business convenience in a three-cornered transaction between Pratt, appellant, and himself. Pratt owed respondent ten thousand dollars. Appellant wished to furnish ten thousand dollars capital to a partnership which was to buy and operate Pratt's auction business. Consequently, respondent by the transaction with appellant and the bank enabled appellant to borrow the ten thousand dollars which was used to pay Pratt's indebtedness to him. Therefore, the ten thousand dollars which respondent received from the bank at appellant's direction represented payment of Pratt's debt to him and the proceeds of the note actually accrued to the benefit of appellant, who thus, by paying Pratt's debt to respondent, purchased a ten thousand dollar interest in Pratt's business which had been his objective.

The trial court's reasons for sustaining the objection to the offer of proof are not stated, but the reason given for granting the motion for a new trial is that "plaintiff should be given further opportunity to present proof of his theory of the case."

Appellant makes two assignments of error, the first being that the court erred in overruling the demurrer to the amended complaint. In his argument, appellant contends that the complaint is insufficient for the reason that it is based upon the alleged oral promise of appellant to pay the note at maturity, and that no consideration for such promise is alleged.

The allegation, however, that appellant orally promised to pay the note was mere surplusage. Respondent did allege that he executed the note at appellant's request, without

consideration, for the purpose of providing appellant with negotiable paper, that appellant negotiated the note for value to the bank, that appellant failed to pay the note, and that respondent paid it.

An accommodation party or surety who is required to pay the obligation of his principal (the accommodated party) may recover the amount paid with interest. 3 Daniel on Negotiable Instruments (7th ed.) 1598, § 1547.

The action is not upon the note, but is upon an obligation or promise implied by law. *Holland v. Tjosevig,* 109 Wash. 142, 186 Pac. 317. See annotation, "Rights and remedies of accommodation party to paper as against accommodated party after payment." 36 A. L. R. 553; 77 A. L. R. 668.

It is a legal conclusion, which need not be pleaded, that under the facts alleged in the complaint respondent is entitled to reimbursement upon an implied promise.

The trial court did not err in overruling the demurrer.

Appellant's other assignment is that the court erred in granting respondent's motion for a new trial.

The court properly admitted parol evidence tending to establish the true relationship (as between themselves) of the parties to the note. *Handsaker v. Pedersen,* 71 Wash. 218, 128 Pac. 230; *Holland v. Tjosevig, supra;* 9 Wigmore on Evidence (3rd ed.) 138, § 2443; Brannan's Negotiable Instruments Law (7th ed.) 554, § 29.

Section 29 of the uniform negotiable instruments law, RCW 62.01.029, relating to accommodation parties, reads as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, *without receiving value therefor,* and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." (Italics ours.)

The italicized phrase relates to value received for the instrument itself and not to value received for lending one's

name. *Carr v. Wainwright,* 43 F. (2d) 507; Brannan's Negotiable Instruments Law (7th ed.) 554, § 29.

If, as respondent sought to prove, the ten thousand dollars he received at the time the note was negotiated represented payment of Pratt's debt to him *and was not value received for the note itself,* then he would not be precluded from suing as an accommodation maker for reimbursement.

Whether respondent received consideration for the note itself was, therefore, a material issue and one expressly tendered by the separate and further defense in appellant's answer.

■ Absence or failure of consideration, in an action between the original parties to a negotiable instrument, may be shown by parol evidence. *Johnson County Sav. Bank v. Rapp,* 47 Wash. 30, 91 Pac. 382; *Spencer v. Alki Point Transp. Co.,* 53 Wash. 77, 101 Pac. 509; *Preas v. Vollintine,* 53 Wash. 137, 101 Pac. 706; *Spokane State Bank v. Tilton,* 132 Wash. 641, 233 Pac. 15.

The evidence offered by respondent was not rendered objectionable by reason of the fact that involved therein was a transaction with one (Pratt) not a party to the action. Nor would its admission amount to allowing respondent, in disregard of the statute of frauds, to prove by parol evidence that appellant had promised to answer for the debt of another (Pratt). According to respondent's offer of proof, Pratt's debt to him had been paid and appellant had received value for the note, an interest in Pratt's business.

The trial court did not therefore abuse its discretion in granting respondent's motion for a new trial.

We again note that the trial court, in its order granting a new trial, gave as its reason therefor that "plaintiff should be given further opportunity to present proof of his theory of the case." Whether this amounts to giving "definite reasons of law and facts" for granting the motion, as required by General Rule of the Superior Courts 16, 34A Wn. (2d)

117, is not questioned by appellant, and we express no opinion thereon.

The order granting a new trial is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and WEAVER, JJ., concur.

September 26, 1952. Petition for rehearing denied.

