[No. 37318.   Department One.   November 25, 1964.]

HAROLD A. LYONS, *Respondent*, v. C. B. MCNAUGHTON *et al., Appellants.*\*

\*Reported in 396 P. (2d) 885.

*Kenneth O. Welling*, for appellants.

*Dale E. Kremer* (of *Ryan, Askren, Carlson, Bush & Swanson*), for respondent.

WEAVER, J.—Plaintiff commenced this action against defendants McNaughton and Coffman for contribution. Defendant Coffman was not served and did not appear as a party in the action although he testified. Defendant McNaughton appeals from a $10,899.43 judgment entered against him.

Although defendant McNaughton was not an incorporator, he, plaintiff, defendant Coffman, and one Dale Brady (the latter three being incorporators) were instrumental in the formation of an Idaho corporation known as the General Mortgage Corporation of Idaho. The business of the corporation was to buy and sell real estate contracts.

July 5, 1961, plaintiff, as president of the corporation, signed and delivered a promissory note for $28,283.60, payable in 6 months, to Uhlmann Motors, Inc. Plaintiff also signed the note in his individual capacity as did Dale Brady and defendants McNaughton and Coffman. Uhlmann Motors, Inc. delivered a Lincoln Continental automobile to each of the individual signers of the note.

When the note was not paid in full at maturity, Uhlmann Motors, Inc. recovered a $9,528.04 judgment for the unpaid balance against plaintiff, Dale Brady, defendant Coffman, and General Mortgage Corporation of Idaho. Defendant McNaughton was not a party to the action; he is a relative of those owning Uhlmann Motors, Inc. Dale Brady, although now insolvent, had paid $5,000 on the note. Defendant Coffman is also insolvent. Plaintiff is solvent, has paid $19,695.03 on the note, and is presently subject to execution by Uhlmann Motors, Inc. to satisfy the $9,528.04 judgment against him.

Defendant McNaughton claims that he was an accommodation maker of the note for General Mortgage Corporation of Idaho and for plaintiff. Although an ac-

commodation maker of a note is primarily liable to the holder of the note (RCW 62.01.029), an accommodation maker is not liable to a primary maker for any amount which the primary maker has expended to extinguish the obligation in whole or in part. See *Holland v. Tjosevig*, 109 Wash. 142, 186 Pac. 317 (1919); 11 Am. Jur. (2d), Bills and Notes § 546, p. 609. However, the trial court in the instant case found that defendant McNaughton was a primary maker of the promissory note and hence is liable to another primary maker who has paid more than his proportionate share of the obligation. *Hanson v. Hanson*, 55 Wn. (2d) 884, 350 P. (2d) 859 (1960); 11 Am. Jur. (2d), Bills and Notes § 588, p. 656.

The sole problem presented upon appeal is to determine whether there is substantial evidence to support the findings of fact to which nine assignments of error are addressed. The remaining two assignments of error are to conclusions of law upon which the judgment is based.

Without going into a detailed description of the agreement by which plaintiff made available to the corporation his interest in certain real estate contracts, the terms of the availability being in dispute, and without setting forth the various transactions by which the four automobiles were mortgaged and eventually sold in order to pay the mortgages upon them, we find that the record discloses substantial evidence to support the findings of fact. We cannot disturb them.

The judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.