[No. 880-2.　Division Two.　April 12, 1974.]

ANDREW ILG, *Appellant*, v. WARREN F. ANDREWS, *Respondent*.

*Floyd F. Fulle,* for appellant.

*Warren F. Andrews,* pro se.

PETRIE, J.—This is an action by one maker of a promissory note against another maker of the same note. Plaintiff Andrew Ilg contends that he was an accommodation party to a note dated October 11, 1968; that he was compelled to pay the principal plus interest due on the note; and that he has a right of recourse against the accommodated party, defendant Warren F. Andrews. Defendant has asserted that the underlying obligation which gave rise to the execution of the note derived from a contract for delivery and installation of cabinets to defendant's apartment complex by plaintiff, who was not registered under the contractor's registration act at the time the contract was entered into and work commenced.

The trial court concluded that plaintiff would be entitled

to recover except for the fact that his cause of action was barred by his failure to be a registered contractor at the time work commenced on the underlying contract. Plaintiff has appealed to this court.

These are the essential facts. Prior to May 18, 1967, defendant Andrews formed a partnership with another party for the purpose of constructing a 68-unit apartment complex on a parcel of real property in which Andrews owned a one-half interest. On May 18, 1967, plaintiff Ilg entered into a contract with the partnership under the terms of which Ilg would supply and install the kitchen cabinets for the apartments. At the time he entered into the above described contract Ilg was not a registered contractor in compliance with RCW 18.27, the contractor's registration act. Ilg subsequently registered as a specialty contractor from August 16, 1968, to July 31, 1970, and again from September 9, 1970, and continuously thereafter.

The partnership fell behind in progress payments called for in the cabinet contract, and by July 1968, Ilg threatened to halt his performance unless satisfactory arrangements were made. Negotiations ensued and a new agreement, embodied in a letter dated August 3, 1968, signed by Andrews and Ilg, was reached. Among other things, this agreement contemplated that Andrews would cosign a promissory note payable to Ilg's Portland, Oregon bank in an amount not to exceed $9,821; and that Ilg would no longer be obligated to install the cabinets, but only to deliver them to the construction site.

The trial court found that, pursuant to the agreement, Ilg and Andrews did cosign a promissory note in the amount of $9,821. The note was delivered to the National Bank of Oregon in Portland, Oregon on October 11, 1968; and the bank, in consideration therefor, credited the account of Ilg's cabinet shop in the amount of $9,821. More importantly, although Ilg cosigned the note, he did so as an accommodation to Andrews.[1] Except for the first two interest pay-

---

[1]The trial court concluded that the parties treated the signing of the note to be an "accommodation endorsement" by Ilg. RCW 62A.3-402

ments, defendant Andrews did not pay the note when due and the bank compelled Ilg to pay the principal and the subsequently accrued interest.

The trial court further found that both Andrews and Ilg intended the proceeds from the note to be a payment by Andrews on the cabinet contract, and both parties so treated the transaction on their books. From the facts found, it is clear that the transaction was a loan by the bank to Andrews and that Andrews applied the proceeds from the loan toward the balance claimed by Ilg on the cabinet contract.

The trial court concluded that the action was barred solely because of the provisions of RCW 18.27 in that the plaintiff was not a registered contractor on May 18, 1967, the date the original contract was entered into.

In his appeal, Ilg has assigned error to the trial court's conclusion. We hold that the findings of fact made by the trial court do not support its conclusion of law and the judgment is, accordingly, reversed.

The sole issue presented by this appeal is whether Ilg's suit on the promissory note, which he paid after Andrews defaulted, is barred by the contractor's registration act, RCW 18.27. The pertinent section of the act is RCW 18.27.080, which provides:

> *No person* engaged in the business or acting in the capacity of a contractor *may bring or maintain any action* in any court of this state *for the collection of compensation* for the performance of any work or for breach of any contract for which registration is required under this chapter *without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.*

(Italics ours.)

---

provides: "Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement." It is only significant that Ilg was an "accommodation party." That is the thrust of the court's determination.

RCW 18.27.080 provides the "teeth" of the statute for it requires that a contractor must have been registered as a prerequisite to bringing an action for *compensation* in the courts of this state. *Vedder v. Spellman,* 78 Wn.2d 834, 480 P.2d 207 (1971).

The *Vedder* court was severely fragmented. Two justices signed a lead opinion; one concurred in the result; three signed a concurring opinion; one signed a dissenting opinion; and two concurred in the result of the dissent. Accordingly, it is difficult to ascertain the full import of the decision. At the very least we deem it expedient not to expand the impact of the decision beyond its immediate application, in the absence of a more clearly enunciated policy.

In *Vedder,* the defendants gave the unregistered contractor a check which represented the major portion of the balance due on a home alteration contract. The defendants stopped payment and the bank did not honor the check. The unregistered contractor conceded that his action on the check, which had been given as conditional payment, was an action for compensation to recover on the underlying obligation. The lead opinion at page 836 declared that the unregistered contractor could not maintain the action "upon a dishonored check, *brought by the payee,* . . ."

In the case at bench, the trial court announced that "there is no basic difference between a dishonored check which was given in *Vedder vs. Spellman* and a dishonored note which we have here." We would agree unconditionally with the distinguished trial judge if the note had simply been executed by Andrews and given to Ilg as payee. We believe, however, that the actual circumstances in the case at bench provide an additional factor which must be reckoned with.

When Ilg was compelled to pay the note he then obtained the right, as surety, to proceed against his principal, Andrews, on the theory that a new cause of action arose when Ilg was compelled to pay the note. *Holland v. Tjosevig,* 109 Wash. 142, 186 P. 317 (1919). The common-

law rule applicable in this jurisdiction through the years has recently been reasserted quite clearly:

> [W]hen a surety, to protect his interests, discharges an obligation the primary responsibility for which rests with the principal obligor, an *implied promise* to indemnify or reimburse the surety *comes into being* on the part of the principal, which implied obligation, *as such,* is enforceable by the surety against the principal.

(Italics ours.) *Leuning v. Hill,* 79 Wn.2d 396, 400, 486 P.2d 87 (1971).

Prior to adoption of the Uniform Commercial Code a distinction was made between bringing an action on the note under a theory of subrogation and bringing an action, not upon the note, but for reimbursement on the theory of an obligation or promise implied by law. *Compare Eder v. Nelson,* 41 Wn.2d 58, 247 P.2d 230 (1952), *with Downie v. Cooledge,* 48 Wn.2d 485, 294 P.2d 926 (1956). The code would appear to provide statutory dimension to the common-law right of reimbursement by authorizing "recourse on the instrument." RCW 62A.3-415(5) provides:

> An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party.

At least one distinguished writer interprets this portion of the code as indicative of an intent to give a statutory right to what formerly had been a right by implication of law. "If the surety pays, accordingly, he may have reimbursement which, under the Code, is a right of recourse on the instrument itself." R. Cosway, *Negotiable Instruments—A Comparison of Washington Law and the Uniform Commercial Code,* 43 Wash. L. Rev. 499, at 533 (1967). *See also* E. Peters, *Suretyship Under Article 3 of Uniform Commercial Code,* 77 Yale L.J. 833, 869 n.150 (1968).

In any event, the importance of the right of recourse is that Ilg's reimbursement from Andrews is not an action "for the collection of compensation for the performance of any work" for which registration is required under RCW 18.27; it is an action based upon a new right which does not

even accrue until the accommodation party pays the holder of the note. Accordingly, Ilg's cause of action is not barred by his failure to be registered under the contractor's registration act "at the time he contracted for the performance of such work or entered into such contract."

Anticipating the possibility that Ilg might prevail on appeal, the trial court determined that $1,000 would be a reasonable attorney fee provided for under the terms of the note. We are compelled to observe that prior to adoption of the code, it would have been significant whether the action was "on the note" or whether it was "not on the note as such." In the latter, attorney fees would not have been allowed. *Austin v. Hamilton*, 7 Wash. 382, 34 P. 1097 (1893). In the former, attorney fees would have been allowed to the extent provided in the note. *Pease v. Syler*, 78 Wash. 24, 138 P. 310 (1914). Under our interpretation of RCW 62A.3-415(5), the distinction between pursuing the principal through reimbursement or through subrogation no longer exists. Attorney fees are now allowed, under either theory, to the extent permitted "on the instrument."

Judgment reversed, with direction to enter judgment in favor of Ilg against Andrews consistent with this opinion.

PEARSON, C.J., and ARMSTRONG, J., concur.