[No. 4660.   Decided July 30, 1903.]

ARCHIE S. ASH, *Appellant,* v. CHARLOTTE CLARK, *as Trustee, Respondent.*

GAMBLING — CONTRACTS — VALIDITY OF CHECKS.

A check issued for money advanced for the purpose of gambling, where the payee wins the money, is void between the

parties, under Bal. Code, § 7267, and it is immaterial whether it
was won before or after it was advanced.

SAME — PROMISE TO PAY.

The subsequent promise of the loser to pay invalid checks
given for money lost in gambling does not make the checks valid
in the hands of any person with notice.

SAME — EVIDENCE — HARMLESS ERROR.

In an action to recover on checks given in payment of money
lost in a gambling game with G., the introduction in evidence of
the records in a police court wherein G. was convicted of con-
ducting a gambling game, is harmless, where the fact was not
disputed and was proven beyond question by other competent
evidence.

EXECUTORS AND ADMINISTRATORS — CLAIMS AGAINST ESTATE — AFFI-
    DAVIT.

A claim presented to an administrator for allowance must,
under Bal. Code, § 6229, be accompanied by the original affidavit
of the claimant, and a copy of the affidavit is insufficient.

GAMBLING — NEGOTIABLE INSTRUMENTS — BONA FIDE HOLDER.

In an action by an assignee of checks given for money lost in
gambling, the jury is properly instructed that the plaintiff can
not recover if he knew, when he purchased the checks, of the
circumstances under which they were given.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM R. BELL, Judge. Affirmed.

*James Dawson* and *F. E. Langford,* for appellant:

The statute only applies to securities given for money
after it has been lost. *Boughner v. Meyer,* 40 Am. Rep.
139; *Shaw v. Clark,* 43 Am. Rep. 474; *Poorman v. Mills,*
39 Cal. 345; *Corbin v. Wachhorst,* 73 Cal. 411; *Roberts
v. Blair,* 16 Pac. 717; *Hoyt v. Cross,* 14 N. E. 801;
*Kinney v. Hynds,* 49 Pac. 403.

The statute against gaming is penal and should not be
enlarged by intendment. *Shaw v. Clark, supra; McBlair
v. Gibbes,* 17 How. 232 (15 L. ed. 132); *Armstrong v.*

*Toler,* 11 Wheat. 258 (6 L. ed. 468); *State v. Wilson,* 9 Wash. 16; *State v. Rand,* 12 Am. Rep. 127.

Negotiable securities for money lost at play are void in the hands of *bona fide* holders only when so expressly declared by statute. *Haight v. Joyce,* 2 Cal. 64; *New v. Walker,* 9 N. E. 386; *Vallett v. Parker,* 6 Wend. 615; *Somes v. Brewer,* 2 Pick. 191; *Boughner v. Meyer,* 5 Colo. 71 (40 Am. Rep. 139). *Printing Co. v. Sampson,* 19 Eq. 462; *Smith v. Columbus State Bank,* 9 Neb. 31-34; *Armstrong v. Toler,* 11 Wheat. 258; *Glenn v. Farmer's Bank* 70 N. C. 191.

The maker having stated that the checks were good and he would pay them, the purchaser is entitled to recover on the ground of estoppel. 1 Jones, Evidence, § 277, and authorities in note 6; *Patton v. Barnett,* 12 Wash. 576; *Barlow v. Tacoma,* 12 Wash. 32; *Moore v. Brownfield,* 10 Wash. 439; *Horn v. Cole,* 12 Am. Rep. 111; *Weyh v. Boylan,* 39 Am. Rep. 669; *Plummer v. Farmer's Bank,* 90 Ind. 386; *Vaughn v. Ferrall,* 57 Ind. 182; *Rose v. Hurley,* 39 Ind. 82; *McCabe v. Raney,* 32 Ind. 309; *Cloud v. Whiting,* 38 Ala. 57; *Lynch v. Kennedy,* 34 N. Y. 151; *Downer v. Read,* 17 Minn. 493; *Tobey v. Chipman,* 13 Allen, 123; *Quirk v. Thomas,* 6 Mich. 110; 16 Am. & Eng. Enc. Law, p. 795, subd. 3, and authorities cited in note 4; 21 Am. & Eng. Enc. Law (2d ed.), p. 588, and authorities cited in notes 5 and 6; *Haight v. Joyce,* 2 Cal. 64; *New v. Walker,* 9 N. E. 386; *Somes v. Brewer,* 2 Pick. 191; *Boughner v. Meyer,* 5 Colo. 71 (40 Am. Rep 139); *Smith v. Columbus State Bank,* 9 Neb. 31, 34; *Glenn v. Farmer's Bank,* 70 N. C. 191; *Armstrong v. Toler,* 11 Wheat. 258 (15 L. ed. 132).

Any act estopping decedent, also estops his legal representatives. *McCabe v. Raney,* 32 Ind. 30; *McBlair v. Gibbes,* 17 How. 232 (15 L. ed. 132); *McDonald v.*

*Lund,* 13 Wash. 412; *Bangs v. Hornick,* 30 Fed. 97; *English v. Young,* 10 B. Mon. 141; *Greathouse v. Throckmorton,* 7 J. J. Marsh. 16; *Jones v. Sevier,* 13 Am. Dec. 218; *Haight v. Joyce,* 2 Cal. 64; *Armstrong v. Toler,* 11 Wheat. 258 (6 L. ed. 468).

The question as to the consideration for the checks was one of fact for the jury. *White v. Barber,* 123 U. S. 392 (31 L. ed. 243); *West v. Marquar,* 78 Ill. App. 61; *Kirkpatrick v. Adams,* 20 Fed. 287.

Money loaned to pay a gambling loss may be recovered. *Bangs v. Hornick,* 30 Fed. 97; *Mitchell v. Catchings,* 23 Fed. 710; *Jones v. Sevier,* 13 Am. Dec. 218; *Haight v. Joyce,* 2 Cal. 64.

Mere knowledge that the same was to pay a gambling debt does not preclude a recovery. *Maulsby v. Wolf,* 14 Ind. 457; *David v. Ransom,* 1 G. Greene, 383; 14 Am. & Eng. Enc. Law (2d ed.), p. 643; *Sawyer v. Taggart,* 14 Bush, 727-734; *Wall v. Schneider,* 59 Wis. 352-359; *Clarke v. Foss,* 7 Biss. 540-558; *Lowe v. Young,* 59 Iowa, 364-371; *Favor v. Philbrick,* 7 N. H. 326.

*Sullivan, Nuzum & Nuzum,* for respondent:

The plaintiff cannot recover if he took any active part in the gambling contract. *Oliphant v. Markham,* 79 Tex. 543 (15 S . W. 569); *Sondheim v. Gilbert,* 117 Ind. 71 (18 N. E. 687, 5 L. R. A. 432); *Irwin v. Williar,* 110 U. S. 499 (28 L. ed. 225); *Embrey v. Jemison,* 131 U. S. 336 (33 L. ed. 172).

He was a holder in good faith without notice. *Fuller v. Hutchings,* 10 Cal. 523; *Dunn v. National Bank,* 90 N. W. 1045; *Maine Mile-Track Association v. Hammond,* 87 N. W. 135; *Drinkall v. Movius State Bank,* 88 N. W. 724 (57 L. R. A. 341).

If the checks were void the maker's promise to pay would not validate them. *Standard Furniture Co. v. Van Alstine,* 22 Wash. 670 (51 L. R. A. 889); *Reed v. Johnson,* 27 Wash. 42 (57 L. R. A. 404); *Dunn v. National Bank,* 90 N. W. 1045; *Morton v. Fletcher,* 12 Am. Dec. 366.

The opinion of the court was delivered by

MOUNT, J.—This is an action to recover upon two checks issued by one James Clark in his life time, for $1,000 and $500 respectively. The complaint contains two causes of action, one upon each check, and alleges, substantially, that the checks were given by James Clark, deceased, to defendant Green, and by Green sold and delivered to plaintiff in due course of business; the failure of Clark to pay; his death; the appointment of defendant Charlotte Clark as executrix and trustee; the presentation of the checks to her as such executrix and trustee, and her rejection thereof. Defendant Green did not appear in the case. The answer of Charlotte Clark, executrix, etc., in substance denied the execution and delivery of the checks for value, and denied the assignment of the checks to plaintiff. It admits the death of James Clark, the making of the will alleged, the appointment of Charlotte Clark as executrix and trustee of his estate, and the non-payment of the checks, but denies the presentation of the claim to her as required by law. For a further and separate defense, the answer alleges, in substance that, at the time the checks were issued, James Clark, deceased, was gambling with cards for money at a game unlawfully conducted by defendant Green; that the checks were issued by said James Clark and delivered to said Green for the sole and only consideration of chips and money to be used and which were used by

said Clark in gambling at said game; that the amount thereof was lost by said Clark thereat, and that said checks represent money lost at said game to said Green; and that plaintiff, before the purchase thereof, had notice and knowledge of all the facts stated, and is not a holder thereof in good faith. In reply the plaintiff denied the allegations of the separate answer, and further alleged that before he purchased the checks he inquired of James Clark, deceased, if the checks were good, and that Clark thereupon informed him that they were good, and that he would pay the same. Plaintiff, relying upon the said promise, purchased the checks for value. Upon these issues the cause was tried before the court with a jury. The jury returned a verdict in favor of the defendant. From a judgment thereon, plaintiff appeals.

The errors assigned are based upon the refusal of the court to direct a verdict for the plaintiff, and also upon the introduction of certain evidence, and the giving and refusal of certain instructions, which will be referred to hereafter in this opinion. The principal question argued by the appellant is based upon the motion for a directed verdict, and is as follows: "Is the check given for money advanced to the maker by the holder thereof, which the holder knows will be used to gamble with, void, under § 7267, Bal. Code, between the original parties to the transaction?" It is not necessary to decide the exact question as above presented in this case, because the question is stated more strongly in favor of the appellant than the facts in the case warrant. It is not disputed that James Clark, deceased, issued the checks; that the defendant Green was, at the time the checks were issued, conducting a gambling game, which was prohibited by law; that the money was advanced by Green

to be played at the game; and that it was so played and lost by Clark, and won by Green. There is some dispute in the evidence as to whether the checks were given before any of the money was lost, or whether a part thereof was lost, and the remainder advanced when the checks were issued during the progress of the game. But assuming now that the money was all advanced before the checks were given, the question is as follows: Is a check issued for money advanced for the purpose of gambling, where the payee wins the money, void between the parties. Section 7267, Bal. Code, is as follows:

"All notes, bills, bonds, mortgages, or other securities, or other conveyances, the consideration for which shall be money or other things of value, won by playing at any unlawful game, shall be void and of no effect as between the parties to the same and all other persons, except holders in good faith without notice of the illegality of such contract or conveyance."

The appellant argues that the statute must be strictly construed; that, since it denounces contracts and security given for money after it has been won, but does not denounce such contracts and security for money advanced before it has been lost, the statute therefore does not apply to money lost after the contract or security has been given. It is true that the statute must be strictly construed, but it is also true that a reasonable construction must be given. The statute says all bills, the consideration for which shall be money won by playing at any unlawful game, shall be void. Money cannot be won at an unlawful game until it is lost by the loser. Where the winner takes a promissory note for money from the loser after the money is lost he is certainly within the terms of the statute. Where he takes a check under the same circumstances, there is no difference. Both are void and

within the statute. If one advances money upon a promissory note, and then wins the money, the note certainly is for money won; it is given for money lost. The same is true of a check. Whether it is won before or after it is advanced is immaterial; the result is the same, and no reasonable distinction can be made. These checks were for money won by Green from Clark. The fact that Green took the checks before the money was lost by Clark made the checks no less obnoxious to the statute than if Green had credited Clark during the game, and subsequently taken the checks for the money won. The result was the same. Upon these facts the checks were certainly void as between Clark and Green. The subsequent promise of Clark to pay them to Green or to any other person with notice of their invalidity would not make them valid. *Reed v. Johnson,* 27 Wash. 42, 55 (67 Pac. 381, 57 L. R. A. 404).

It is urged as error that the court permitted the records of the police court in a case where Green was sentenced for gambling, and also a city ordinance making gambling a misdemeanor, to be introduced in evidence. This evidence was to prove that Green was conducting a gambling game, and that it was unlawful so to do. This class of evidence, if error, was harmless because it was proven by other competent evidence, beyond question, and was not even disputed, that Green was conducting a gambling game at the time the checks were issued. Moreover, this class of gambling was unlawful under the state law at the time.

There were but two questions presented to the jury for their consideration: (1) Were the claims presented for payment to the executrix as required by law; and

(2) was the plaintiff a *bona fide* holder in good faith? Upon these questions the court instructed the jury as follows:

"2. I charge you further, that, before the plaintiff in this case can recover, he must prove by a fair preponderance of the evidence that, prior to the bringing of this suit, the checks sued upon in this action were presented to the defendant, Charlotte Clark, and that the same were accompanied at that time by the affidavit of the plaintiff in this case, to the effect that the amount claimed was justly due the plaintiff, and that no payments had been made thereon, and that there were no offsets to the same, to the knowledge of the plaintiff.

"3. You are further instructed, that if you find that the only presentation of the claims sued upon by the plaintiff to defendant, prior to the commencement of this action, was a copy of the checks sued upon, accompanied with a copy of the affidavit of the plaintiff, to the effect that the amount sued upon was justly due, and that no payments had been made thereon, and that there were no offsets to the same to his knowledge, and at the same time that the copies referred to were presented and left with the administratrix, that the original claims were not presented or submitted to said administratrix, then you should find that there was no presentation of the claims sued upon by the plaintiff to the defendant prior to the commencement of this action, and your verdict should be for the defendant."

These instructions were excepted to, and the following was requested by the plaintiff and refused by the court:

"3. Even if you should find from the evidence that F. E. Langford did not exhibit the claims in evidence to the defendant, Charlotte Clark, but that he did demand payment of the same, and left copies thereof with the said defendant, and that she then and there said she was aware of the nature of said claims, and refused payment

thereof, you are charged that this is a sufficient legal presentation."

The statute (§ 6229, Bal. Code) requires that:

"Every claim presented to the administrator shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same," etc.

It was held in *McFarland v. Fairlamb,* 18 Wash. 601 (52 Pac. 239) that it was not necessary under this requirement, that "the original note or instrument in suit" should be presented, but that a copy thereof attached to the affidavit was sufficient. But that case does not hold that a copy of an affidavit will be sufficient. The statute required an original affidavit to be presented. A copy of an affidavit does not answer the requirement. The instructions upon this point were therefore correct. The instructions given being correct, the one requested was properly refused.

The court upon the second question instructed the jury as follows:

"4. Under the law of this state, all bills, notes, bonds, mortgages, and other securities the consideration of which was money or other articles of value, won by gambling, are null and void and of no effect, as between the parties to the same, and to all other persons, except holders thereof in good faith, without notice of the illegality of such contract, and in this case you are instructed as a matter of law, that the checks in suit were invalid in the hands of Green, the original holder thereof, and if the plaintiff at the time he claims to have purchased them knew the circumstances under which and the consideration for which they were given, he cannot recover, and your verdict in this case must be in favor of defendants. On the other hand, if you find that at the time the plaintiff claims to have purchased these checks, he did not

know the circumstances under which they were given, nor the consideration for which they were given,—in other words, that he was an innocent purchaser in good faith, then your verdict must be for the plaintiff, for the full amount from the date you find that the claims were presented, as suggested by the court in previous instructions."

The appellant excepted to this instruction, down to the words "on the other hand." From what we have said on the first question discussed in this opinion, it follows that the portion of this instruction excepted to was properly given. There is no error in the record, and we are convinced that the verdict of the jury was correct.

The judgment is therefore affirmed.