[No. 13299.   Department Two.   June 16, 1916.]

MARTIN A. NORMAN, *Respondent*, v. JERRY MEEKER, *Appellant.*[1]

SALES — CONDITIONAL SALES — REMEDIES OF VENDOR — ELECTION. Upon default by the vendee of a conditional sale contract, the vendor has an election either to disaffirm the contract and retake the property, or to affirm the contract, declare the subsequent payments due, and sue for the purchase price.

SALES—CONDITIONAL SALES—NOTE GIVEN AS CONSIDERATION.   The promissory note of a third party, given as the equivalent of cash in making preliminary payment on a conditional sale contract between a vendor and purchaser, is based upon a valid consideration, and hence subject to enforcement by the vendor on a rescission of the contract and a retaking of the property upon the default of the purchaser.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 1, 1915, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court.   Affirmed.

*E. N. Eisenhower* and *Bates, Peer & Peterson*, for appellant.

*Boyle, Brockway & Boyle* and *John W. Horejs*, for respondent.

HOLCOMB, J.—The one question here to determine is whether the note of appellant sued on was given by him and accepted by respondent in lieu of cash, as payment and satisfaction *pro tanto* of part of the purchase price under a conditional sale of chattels.   It is here a mixed question of law and fact.

On March 24, 1915, respondent sold to one Gregg, for a consideration of $1,000, a confectionery and pool-room business.   A conditional sale contract was entered into which stipulated that of the agreed purchase price, "second party

[1]Reported in 158 Pac. 78.

(vendee) has paid a note for five hundred ($500) dollars for 60 days, the receipt whereof is hereby acknowledged." The further conditions of the contract which are material are these:

"And the said party of the second part, in consideration of the personal property, hereby agrees to pay the said party of the first part, at Tacoma, Washington, the remaining principal, with interest at the rate of seven per cent per annum, at the times and in the manner following:

"Twenty-five dollars or more on or before the 24th day of April, 1915, and twenty-five dollars or more before the 24th of each and every month thereafter until the entire principal shall have been paid. . . . In case the said party of the second part, his legal representatives or assigns, shall pay the several sums of money aforesaid, punctually and at the several times above specified, and shall strictly and literally perform, all and singular, the agreements and stipulations aforesaid, according to the intent and tenor thereof, then the said party of the first part will make unto the said party of the second part, his heirs or assigns, upon request at Tacoma, Washington, a bill of sale," etc.

The note referred to, which second party "has paid," was a note signed by appellant, a third party and stranger to the sale transaction, and by Gregg.

The argument of appellant is based upon the numerous decisions of this court, and of other courts similar thereto, that, upon a default by the vendee of a conditional sales contract, the vendor has one of two remedies. He may either disaffirm the contract and retake the property, or he may affirm the contract, declare the subsequent payments due, and sue for the purchase price thereof. But the two being inconsistent, the election of the one bars any right under the other; citing *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577; *Thompson Co. v. Murphine*, 79 Wash. 672, 140 Pac. 1073; *Croup v. Humboldt Quartz & Placer Min. Co.*, 87 Wash. 248, 151 Pac. 493; *Rose v. Rundall*, 86 Wash. 422,

150 Pac. 614; *Alden v. Dyer & Bro.*, 92 Minn. 134, 99 N. W. 784; *Greene v. Sinker, Davis & Co.*, 135 Ind. 434, 35 N. E. 262; *Keystone Mfg. Co. v. Cassellius*, 74 Minn. 115, 76 N. W. 1028.

The conditional sales contract, providing for payment of $25 or more on or before April 24, 1915, and $25 or more on or before the 24th day of each and every month thereafter, having been broken by the vendee, the installment falling due on May 24, 1913, the same day as the maturity of the note in question, being unpaid, respondent retook the business. It appears that, a few days before the note fell due, the respondent went to Gregg, the purchaser, and told him that if the note was not paid when it fell due, respondent would take the store back. On that day respondent went to the store and found Mr. Gregg there. He asked Gregg what he was going to do. Gregg said: "I am going to throw the whole thing up. I don't want anything more to do with it. I will fix it up with you to-night or to-morrow morning." Respondent said he would take it over then if it suited Gregg, and Gregg replied that suited him.

These facts, appellant contends, place the transaction on all fours with the case of *Croup v. Humboldt Quartz & Placer Min. Co.*, 87 Wash. 248, 151 Pac. 493. In that case, there had been forfeiture declared by the vendor, who also declared the contract invalid. Simultaneously, or immediately afterwards, the vendor sought to suspend the operation of the forfeiture and to stand upon the contract. He allowed the vendee to remain in possession of the property sold while attempting to renew a contract which he had previously declared was not good on account of some defect and which he had also declared forfeited. Upon the failure to renew the contract, the vendee gave up possession and notified the vendor that it assented to his repudiation or rescission of the contract, and it was there held that the vendor could not thereafter bring an action under the contract for the remainder of the purchase price.

Nor is this case analogous to that of *Winton Motor Carriage Co. v. Broadway Automobile Co., supra,* and the other cases of like nature, for the reason that in this case the contract must be construed as a contract reciting a present payment of $500. While it is true that a note was given for that present payment, it was given as cash. The evidence tends to show that the respondent had attempted to deal with the purchaser, Gregg, upon the basis of a cash payment down of $500. Gregg was unable to raise that sum and respondent agreed to take, and did take, the note in suit signed by appellant, who was not a party to the sale, in lieu of and as the equivalent of cash. Thereupon he delivered possession of the store to Gregg, and Gregg entered under his conditional sale contract. That contract bound Gregg to pay respondent the remaining principal, that is, the other $500 over and above the first payment, with interest at the rate of seven per cent per annum, at the times therein stated, which we have heretofore set forth. Should the payments not be made punctually and as specified, then the respondent was authorized to retake the property; and should they be made as specified, then respondent was required, upon the completion thereof, to give to Gregg a bill of sale, etc.

It is contended by appellant that, where a promissory note is given to evidence a payment under such conditional sale contract and the contract is rescinded and the property retaken by the vendor, the consideration for which the note was given has absolutely failed, and such note is no longer a binding obligation upon the party giving the same. To this effect are cited the following cases: *Earle v. Robinson,* 12 Misc. Rep. 536, 33 N. Y. Supp. 606; *White v. Gray's Sons,* 96 App. Div. 154, 89 N. Y. Supp. 481; *Manson v. Dayton,* 153 Fed. 258; *Perkins v. Grobben,* 116 Mich. 172, 74 N. W. 469, 72 Am. St. 512, 39 L. R. A. 815; *McBryan v. Universal Elevator Co.,* 130 Mich. 111, 89 N. W. 683, 97 Am. St. 453, and *Minneapolis Harvester Works v. Hally* (Mich), 8 N. W. 597. But all these were cases where the

promissory note given to evidence the payment under a conditional sale contract was the note of the vendee and was included as part of the purchase price conditioned under the contract. In all those cases it was held that, where the consideration for the note has absolutely failed by reason of the retaking of the property by the vendor, the note is no longer a binding obligation. But it was also recognized in most of those cases, as stated in *Manson v. Dayton, supra,* that it is an ordinary provision in contracts of conditional sales, where the vendee shall have made some preliminary payment and shall fail to meet the balance as required, to declare that what has been paid shall be forfeited to the vendor as liquidated damages, and is not inconsistent with the additional right of reclamation. Preliminary cash payments under conditional sales are usually considered as payments for the use and wear of the property while the vendee is in possession. Where, as in this case, the note in question was not included within the conditional terms of the contract but was given as a preliminary payment, the equivalent of cash, we cannot hold that the consideration has failed by reason of the recaption of the property.

The finding of the trial court was that "said note was given as payment and in lieu of cash." We cannot find that the evidence preponderates against that finding, and, in fact, are of the opinion that it preponderates in its favor. Such being the case, the judgment must be affirmed.

Morris, C. J., Parker, Bausman, and Main, JJ., concur.