[No. 23468. Department One. April 4, 1932.]

E. T. VICKERMAN, *Respondent,* v. E. M. KAPP *et al.,* *Appellants.*[1]

*Neil C. Bardsley,* for appellants.

TOLMAN, C. J.—This is an action on a promissory note. After trial to the court, the plaintiff was awarded a judgment as prayed for. The defendants have appealed from that judgment.

The case is brought here on the pleadings and the findings of fact; no statement of facts having been

[1]Reported in 9 P. (2d) 793.

certified or sent up. The respondent has not appeared in this court.

The complaint is in the usual form. It declares a cause of action upon a promissory note, which is set out in full; and demands a judgment against the appellant husband and against the community.

The answer contains general denials, and alleges affirmatively that the appellant was induced by false and fraudulent representations to enter into a conditional sales contract for the purchase of an automobile; that the note in suit was evidence of payment under such contract; that the contract has been rescinded; and that the consideration for the note has failed. A cross-complaint was also pleaded, seeking a recovery of the money paid on the conditional sales contract before the fraud was discovered.

The first error assigned is based upon the re-refusal to grant a jury trial. The late case of *Main v. Western Loan & Building Co., ante* p. 1, 8 P. (2d) 281, seems to answer this question completely. Whether the attempt to rescind and recover back payments made be set up in the complaint, as in the *Main* case, or in the cross-complaint, as in this case, is immaterial. In either event, equitable issues are injected, and equity will assume full jurisdiction.

It is next urged that the court erred in denying judgment on the pleadings, and also that it was error to enter judgment on the facts found in favor of the respondent.

As the reply to the affirmative answer and the answer to the cross-complaint both plead substantially the facts found by the trial court, we need only discuss the question of whether, on the facts, the judgment is sustainable. The conditional sales contract shows that the purchase price was fourteen hundred dollars, "of which vendee has paid on account the sum

of three hundred fifty dollars." On this subject the court found:

"That at the time of the execution of the conditional sales contract referred to in the pleadings herein, defendant was then and there temporarily unable to make $300 of the $350 down payment required by plaintiff on the purchase of the automobile mentioned in said conditional sales contract, but stated to plaintiff that he would be able to make said payment within ninety days, whereupon defendant executed to plaintiff a promissory note heretofore filed herein as plaintiff's exhibit No. 1, which promissory note was then and there accepted by plaintiff absolutely and unconditionally as cash, and in complete satisfaction of $300 of the purchase price of said automobile, and was receipted for as cash in said written conditional sales contract, and was in no wise secured in any manner whatsoever by the said written conditional sales contract or the reservation of title therein."

Under these facts, the note was a wholly separate and distinct thing from the contract, and nothing in the contract secured the payment of the note or referred to the note in any way. One may, of course, accept a note in payment just as he may accept a used car, a horse or any other property, as a down payment on a contract; and this peculiar fact of having accepted the note as payment distinguishes this case from the cases relied upon by the appellants.

The case of *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790, is clearly distinguishable upon the facts. It is there said:

"It seems to be the settled law of this state, in harmony with the views expressed by other courts of this country, that the giving of a negotiable promissory note for a preexisting debt owing by the payor to the payee does not discharge the preexisting debt and

create a new debt independent thereof, as between the original parties, in the absence of an agreement between them to that effect, and that the burden of showing such an agreement rests upon the one asserting it. *Walsh v. Cooper,* 10 Wash. 513, 39 Pac. 127; *Moon Bros. Carriage Co. v. Devenish,* 42 Wash. 415, 85 Pac. 17, 7 Ann. Cas. 649; *Carlson Bros. Co. v. Weidauer & Lansdown Shingle Co.,* 69 Wash. 161, 124 Pac. 397; *Globe Express Co. v. Taylor,* 61 Colo. 430, 158 Pac. 717; *Cranston v. West Coast Life Ins. Co.,* 63 Ore. 427, 128 Pac. 427; *Way v. Mooers,* 135 Minn. 339, 160 N. W. 1014; *Leschen & Sons Rope Co. v. Mayflower Gold Min. & Reduction Co.,* 173 Fed. 855, 35 L. R. A. (N. S.) 1.

"In the last cited case, Judge Sanborn, speaking for the court, said:

" 'A clear agreement by the creditor that he will take the risk of the payment of the note, and that the debt is discharged thereby, or the indubitable intention so to do, is requisite to extinguish a debt by the taking of the debtor's note.' "

So, also, *Jones-Short Motor Co. v. Bolin,* 153 Wash. 198, 279 Pac. 395, is distinguishable on the facts. There, the conditional sales contract secured the payment of the note in question.

*Chavelle v. Duclos,* 154 Wash. 492, 282 Pac. 843, also involved moneys which the contract bound the vendee to pay.

We need not continue the discussion of the cases upon which the appellant relies upon this point, as all are distinguishable for like reasons.

In this case, we have a clear-cut finding, not subject to attack, that the note in suit was accepted "absolutely and unconditionally as cash," and that it was "in no wise secured in any manner whatsoever by the said written conditional sales contract." This meets the burden which the law places upon one who asserts that a note is taken in payment and not as

evidence of a debt, and we are therefore, by the facts as found, compelled to affirm the judgment.

Judgment affirmed.

PARKER, MITCHELL, BEELER, and HERMAN, JJ., concur.