[No. 25724.   Department Two.   November 20, 1935.]

ALICE C. MCHUGH, *Respondent,* v. P. F. ROSAIA *et al.,*
*Appellants.*[1]

[1]Reported in 51 P. (2d) 616.

464

*Allen & Wilkins* (*Charles R. Carey* and *Edgar R. Rombauer,* of counsel), for appellants.

*Padden & Moriarty,* for respondent.

BLAKE, J.—April 10, 1928, plaintiff, as vendor, entered into a contract for the sale of certain real estate to one Harris, as vendee. On April 19, 1928, Harris assigned the contract to the defendant Rosaia. Under the contract, there were principal payments of two thousand dollars each, due one, two, three and four years from date. Interest was payable semi-annually.

Rosaia made the payments due in 1929 and 1930. He failed to make the payment due April 14, 1931. On July 8, 1931, he executed and delivered to plaintiff a promissory note, payable in ninety days, in the amount of $2,527. This amount included the principal payment of two thousand dollars due April 14th, and accrued interest to July 8th.

Plaintiff brought this action on the note. Defendants, by way of affirmative defense, alleged that, in taking assignment of the contract from Harris, they had not assumed to pay the purchase price of the property; that the note was given to evidence the past due payment of principal and interest, and that there was no other consideration for the note; that the contract of sale had been rescinded, and that the defendants had executed a quitclaim deed to plaintiff, which recited:

"The acceptance of this deed cancels said contract and releases P. F. Rosaia from any and all liability thereunder, past as well as future."

The quitclaim deed was executed January 4, 1933. In the meantime, the defendants had made the following payments to plaintiff: $500, July 16, 1931; $490, February 19, 1932; $200, April 29, 1932; $100, May 18, 1932.

The trial court found that the note was given and accepted in *payment* of the installment due under the contract of April 14th; that consideration for the note rested in relinquishment by plaintiff of her right to forfeit the contract for default in payment of that installment; that the five hundred dollars paid by defendants on July 16, 1931, should be credited on the note. Accordingly, judgment for plaintiff was entered for $2,027, with interest from July 8, 1931. Defendants appeal.

Appellants contend first, that the note was given for a past due indebtedness, and was therefore without consideration; second, that the trial court erred in not granting a motion to reopen the case for the introduction of additional evidence; and third, that, in any event, they are entitled to credit on the note for $490, paid in February, 1932, $200, paid in April, 1932, and $100, paid in May, 1932.

I. Under the allegations of appellants' affirmative defense, we do not see how the note could be said to have been given to evidence a preexisting indebtedness. They alleged, and the court found, that, in taking the assignment, they did not assume the purchase price under the contract. They were not personally liable for the payment of principal or interest. When Rosaia executed the note, he took on a liability that was entirely new and independent of the contract, for, as to him, there was no preexisting indebtedness.

That there was consideration for the note, independent of the installment of principal and interest in default, there can be do doubt. Forbearance to sue or assert a legal right constitutes sufficient consideration. *Snohomish River Boom Co. v. Great Northern R. Co.*, 57 Wash. 693, 107 Pac. 848.

Appellants rely upon *Blenz v. Fogle,* 127 Wash. 224,

220 Pac. 790, to sustain their position that the note was without consideration. That case is distinguishable in the feature we have just discussed. There, the vendee, who was personally liable for the purchase price, gave a note for a past due installment. The contract was subsequently rescinded. In an action on the note, the court held that the note was discharged by rescission of the contract.

Even in such a case, the question is whether the note was given and accepted in lieu of cash, as payment for the past due installment. This is a mixed question of law and fact. *Norman v. Meeker*, 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D, 462. If the note is so given and accepted, forfeiture or rescission of the contract for default in subsequent installments due under it does not discharge the maker of liability on the note. *Norman v. Meeker, supra; Vickerman v. Kapp,* 167 Wash. 464, 9 P. (2d) 793. The rule is recognized and stated in *Blenz v. Fogle, supra.*

The court found (and the finding is supported by a preponderance of the evidence) that the note was given by Rosaia and accepted by respondent in *payment* of the past due installment and interest. So, under the evidence and facts found, it is immaterial whether Rosaia was personally liable under the contract.

II. Some twenty days after the court had announced its decision, but before findings were made, appellants made a motion to reopen the case in order to show that, in taking assignment of the contract, they did assume payment of the purchase price. The motion was addressed to the sound discretion of the trial court. *First Bank of Cordova v. Tjosevig,* 138 Wash. 231, 244 Pac. 736. In the denial of the motion, we find no abuse of discretion or prejudice to appellants. Since, under the evidence, the note was given

and accepted in *payment* of the installment due under the contract, a showing of primary liability for the installment would not relieve appellants from liability on the note.

III. Taking up the contention that the payments made in February, April and May, 1932, should have been applied on the note, we find that interest installments, amounting to between eight and nine hundred dollars, had become due in October, 1931, and April, 1932. In absence of direction to the contrary, respondent had the right to apply the payments on past due interest, which she did. *Post-Intelligencer Publishing Co. v. Harris,* 11 Wash. 500, 39 Pac. 965; *Washington Grocery Co. v. Citizens' Bank of Anacortes,* 132 Wash. 244, 231 Pac. 780.

Judgment affirmed.

STEINERT, BEALS, HOLCOMB, and MAIN, JJ., concur.

