[No. 30926.   Department One.   July 22, 1949.]

JOHN HARTMEIER *et al., Appellants,* v. G. F. EISEMAN *et al., Respondents.*[1]

STEINERT, J., dissents.

*Hamblen, Gilbert & Brooke,* for appellants.

*W. L. LaFollette* and *H. J. Welty,* for respondents.

HILL, J.—We are here confronted with the question of whether a check on which payment was stopped had been accepted as an absolute or a conditional payment.

[1]Reported in 208 P. (2d) 918.

On December 17, 1946, the maker of the check and his wife (respondents here) signed an instrument captioned "Agreement to Purchase," whereby they offered to purchase a farm belonging to the payee and his wife (appellants here) for ninety thousand dollars; and on that date the respondents paid one thousand dollars as earnest money. By this instrument, the respondents agreed to pay the further sum of twenty-nine thousand dollars upon the acceptance of their offer by the appellants, with the remaining sixty thousand dollars to be paid in annual installments of three thousand dollars each. The offer was accepted by the appellants on December 19th, but no further payment was made by the respondents, unless the four-thousand-dollar check involved in this action was such payment.

The check was signed by respondent G. F. Eiseman and was delivered on December 26th to J. L. Siegmund, the real estate broker who was negotiating the sale. On December 27th, Mr. Eiseman stopped payment of the check and wrote a letter repudiating the "Agreement to Purchase." The agreement contained a provision giving the seller the option, if the purchaser should fail to fulfill his obligations thereunder, "to specifically enforce the agreement or to require a forfeiture thereof." In the event of a forfeiture, all payments made by the purchaser were to be forfeited as liquidated damages. The appellants elected to declare a forfeiture.

While there is some contention that the respondents refused to proceed under the agreement because of additional conditions which the appellants sought to impose, the evidence seems to us conclusive that they refused to complete the transaction because they became convinced that they were paying too much for the property.

No appeal is taken from that portion of the trial court's judgment permitting the appellants to retain the one thousand dollars paid on December 17th as earnest money. The trial court, however, found that the four-thousand-dollar check given on December 26th was not a payment on the contract, and refused to grant the appellants recovery of

that amount. From that portion of the judgment this appeal is prosecuted.

While the appellants insist in their brief that this is merely an action on a four-thousand-dollar check on which payment was stopped, their pleadings disclose that they are seeking recovery of four thousand dollars from the respondents on the theory that the respondents' check for that amount, on which payment was stopped, had been "accepted . . . as a cash payment to apply upon the purchase price of said contract"; and upon the further fact that, by reason of the respondents' refusal to carry out the terms of the contract, the appellants had terminated the contract and the respondents had "forfeited all payments made on said contract . . . , including the sum of $4,000.00 evidenced by the check hereinabove referred to." For the purposes of this appeal, the appellants' right to terminate the contract and to retain the payments made thereunder is conceded.

The applicable rules of law are well settled. The ordinary bank check is not, in either law or equity, an assignment of the funds upon which it is drawn, but is merely an order for the payment of money; it does not affect the debt for which it is given until the order is paid and, being dishonored, leaves the drawer still indebted to the payee the same in all respects as though the check had never been drawn and delivered. Rem. Rev. Stat., § 3579 [P.P.C. § 751-9]; *National Market Co. v. Maryland Cas. Co.,* 100 Wash. 377, 174 Pac. 479, 1 A. L. R. 450 (on rehearing *en banc*); *Anderson v. National Bank of Tacoma,* 146 Wash. 520, 264 Pac. 8; *Stern v. Lone,* 32 Wn. (2d) 785, 203 P. (2d) 1074; *Maryatt v. Hubbard,* 33 Wn. (2d) 325, 205 P. (2d) 623.

Acceptance by a creditor of the check of his debtor for an antecedent debt does not extinguish the debt unless the check is paid; it is a conditional, not an absolute, payment. *Pollak Bros. v. Niall-Herin Co.,* 137 Ga. 23, 72 S. E. 415, 35 L. R. A. (N. S.) 13. See the many check cases cited in the note in 35 L. R. A. (N. S.) beginning at p. 26. The following Washington cases, involving promissory notes rather than checks, also constitute supporting authority.

*Moon Bros. Carriage Co. v. Devenish,* 42 Wash. 415, 85 Pac. 17; *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790; *Sainsbury v. Wapato Fruit & Cold Storage Co.,* 132 Wash. 455, 232 Pac. 331.

There is an exception to the rule just stated, namely, that if it is agreed that a check is to be accepted by the creditor as payment of the debt "in lieu of cash," as the cases say, it extinguishes the preexisting obligation. See cases cited in note in 35 L. R. A. (N. S.) beginning at p. 32. The following Washington cases, involving promissory notes, also constitute supporting authority. *Norman v. Meeker,* 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D, 462; *Vickerman v. Kapp,* 167 Wash. 464, 9 P. (2d) 793; *McHugh v. Rosaia,* 184 Wash. 463, 51 P. (2d) 616; *Van Geest v. Willard,* 27 Wn. (2d) 753, 180 P. (2d) 78.

As suggested in *Vickerman v. Kapp, supra,* one may accept a note (or check) in payment of a preexisting obligation, just as one might accept a used car, a horse, or any other property. The question in the present case is: Was the check so accepted?

If the check was accepted in accordance with the general rule, as a conditional payment on a past-due obligation, the fact that payment was stopped prevented its becoming a payment on the contract; and in that case only one thousand dollars had been paid by the respondents and twenty-nine thousand dollars was past due when the appellants elected to terminate the contract and retain, under the forfeiture clause, all payments made by the respondents. Under such conditions, the appellants would be attempting to collect four thousand dollars due under a contract they had terminated, and that is not permissible. See *Chavelle v. Duclos,* 154 Wash. 492, 282 Pac. 843; *Blenz v. Fogle, supra*; *Sainsbury v. Wapato Fruit & Cold Storage Co., supra.*

If, however, there was an agreement whereby the check was accepted as cash, it constituted a payment on the past-due obligation (*i.e., it came within the exception to the general rule*). In that case, five thousand dollars had been credited on the contract price (one thousand dollars plus

the four-thousand-dollar check) and only twenty-five thousand dollars was past due when the appellants elected to terminate the contract and retain, under the forfeiture clause, all payments made by the respondents. Under such conditions, the respondents would remain liable on the check and the appellants would be entitled to recover the four thousand dollars. See *Rathke v. Dexter Horton Nat. Bank,* 161 Wash. 434, 297 Pac. 181, and cases heretofore cited as supporting the exception to the general rule.

The appellants, recognizing that they must come within the exception to·the rule as to the effect of the delivery and acceptance of a check, allege that the check was accepted as a cash payment. The burden of showing such an agreement rests upon the one asserting it. *Blenz v. Fogle, supra; Vickerman v. Kapp, supra.* The trial court was of the opinion that they failed to prove that allegation of their complaint, and made the specific finding "That the $4,000 check given on December 26, 1946, was not a payment on said contract." Unless we can find that the evidence preponderates against that finding by the trial court and that the four-thousand-dollar check was accepted as a cash payment on the contract, the judgment must be affirmed.

Appellants' witness J. L. Siegmund, the real-estate broker who, by the terms of the "Agreement to Purchase" heretofore referred to, would receive five hundred of the four thousand dollars if the appellants are successful in this litigation, testified that the check was "supposed to be the cash payment I received from Eiseman on that agreement to purchase." He also replied "No" to the leading question, "Was there any understanding in respect to this check other than it was to be considered as cash payment?" He testified to no conversations with either respondent evidencing or establishing any agreement that the check was given or accepted as absolute payment of four thousand of the twenty-nine thousand dollars then due. Stronger testimony failed to establish such an agreement in *Blenz v. Fogle, supra* (p. 231).

▮ The trial judge was not obligated to accept the conclusions of the interested witness Siegmund. Neither of the respondents was examined as to any agreement that would take the delivery and acceptance of the check out of the general rule.

In the cases relied upon by the appellants, the fact that the note sued on was accepted as payment was established to the satisfaction of the trial court. For example, in *Norman v. Meeker, supra,* the trial court found that the note sued on had been given as payment and in lieu of cash. We said that we could not find that the evidence preponderated against that finding.

In *Vickerman v. Kapp, supra,* the trial court found that the note sued on had been "accepted by plaintiff absolutely and unconditionally as cash, and in complete satisfaction of $300 of the purchase price of said automobile." We said that this finding was not subject to attack and that it met the burden which the law places upon one who asserts that a note is taken in payment.

In *McHugh v. Rosaia, supra,* the trial court found that the note sued on was given and accepted in payment of a past-due installment and interest. We said that the finding was supported by a preponderance of the evidence.

In *Van Geest v. Willard, supra,* the trial court said that the note sued on was given and accepted as cash. We said that we were satisfied that the payee met any burden which may have been placed on him to establish that the note was taken in payment.

In the present case, the trial court found that the check was not a payment on the contract. We cannot say that the evidence preponderates in favor of a finding that the check was accepted in payment of four thousand dollars of the purchase price, and unless we can so find we cannot direct a judgment for the appellants. The judgment entered by the trial court naturally follows from its findings that the check was not a payment on the contract, and that judgment is affirmed.

JEFFERS, C. J., BEALS, and MALLERY, JJ., concur.

STEINERT, J., dissents.