[No. 40743.    En Banc.    January 28, 1971.]

HERBERT E. VEDDER *et al., Appellants,* v. HARRY F.
SPELLMAN *et al., Respondents.*\*

*Moriarty, Olson, Campbell & Brindle* and *R. Thomas Olson,* for appellants.

*Uhlman, Callies & Flynn,* by *William E. Kuhn,* for respondents.

ROSELLINI, J.—In this action, the plaintiffs, Herbert E. Vedder and Virginia T. Vedder, seek to recover compensation for work done in altering and repairing the home of the defendants, Harry F. Spellman and Alice G. Spellman. At

\*Reported in 480 P.2d 207.

the time this work was performed, the plaintiffs were not licensed to do contracting work, as required by RCW 18.27-.020, which provides:

It shall be unlawful for any person to submit any bid or do any work as a contractor until such person shall have been issued a certificate of registration by the state department of licenses. A partnership or joint venture shall be deemed registered if any one of the general partners or venturers whose name appears in the name under which the partnership or venture does business shall be registered. A violation of this section shall be a misdemeanor.

When the work which the plaintiffs contracted to do for the defendants was substantially finished, the defendants gave the plaintiffs a check for $2,500 which represented the major portion of the balance due on the agreed compensation. However, before the check was cashed, the defendants issued a stop payment order and the check was not honored by the bank.

The plaintiffs filed a complaint for money due. Upon motion of the defendants, filed after their answer and affirmative defense was filed, the trial court granted a summary judgment in their favor.

The sole question on appeal is whether the plaintiffs may recover upon the dishonored check. They concede that they cannot maintain an action upon the contract, being precluded by RCW 18.27.080, which provides:

No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor at the time he contracted for the performance of such work or entered into such contract.

The trial court held that the language of this section is broad enough to prohibit recovery by an unlicensed contractor upon a negotiable instrument given him in payment for work done. While the plaintiffs urge that this holding was in error, they do not suggest that the statutory provision

is ambiguous. They simply contend that RCW 62A.3-802 (1)(b) governs this action. That provision of the Uniform Commercial Code reads, insofar as relevant here,

> (1) Unless otherwise agreed where an instrument is taken for an underlying obligation
>
> . . .
>
> (b) . . . If the instrument is dishonored action may be maintained on either the instrument or the obligation;
>
> . . .

■ ■ We find no quarrel with the plaintiff's proposition that the Uniform Commercial Code should be liberally construed to effect its purposes. But we do not conceive that it was the purpose of this provision to give life to an obligation which the legislature has elsewhere declared unenforceable. The plaintiffs do not suggest that the provision gives them the right to sue upon the obligation itself, but they do contend that it gives them a right of recovery upon the dishonored check. They tacitly concede, in other words, that the language of RCW 18.27.080 is explicit and specific enough to bar a suit upon the obligation, notwithstanding the authority found in RCW 62A.3-802(1)(b) to maintain such a suit. But it appears to be their position that this language is not comprehensive enough to bar a suit on a check given in payment of the alleged obligation.

If RCW 18.27.080 merely provided that no suit could be brought "upon an obligation" incurred by reason of work done or contract breached, there arguably would be merit in the plaintiffs' contention. At least the provision would be open to a charge of ambiguity. But the language of the statute is much broader. It bars any action for the collection of *compensation*. The plaintiffs cannot avoid the admission that this is a suit for compensation for the work which they did for the defendants at a time when they were not licensed to perform such work. Furthermore, RCW 62A.3-802(1), by its terms, applies only where there is an existing obligation.

It is axiomatic that a party may not accomplish by indirection that which he is specifically forbidden to do directly. The trial court correctly held that this suit upon a

dishonored check, *brought by the payee,* an unlicensed contractor, cannot be maintained.

Obviously, we are not here concerned with the rights of a holder in due course. RCW 62A.3-802(1) does not purport to affect the rights of such a holder but merely declares the effect of an instrument as payment of the obligation for which it is given. *See Official Comments on Uniform Commercial Code,* RCWA 62A.3-802(1) at 489.

▉ It has been suggested that the contract was not illegal and that, in equity, the respondents should be estopped to deny their indebtedness for the work which was actually performed and from which they received an actual benefit. The contention that the contract was not illegal is untenable. A contract that is contrary to the terms and policy of a statute is illegal and unenforceable. *State v. Northwest Magnesite Co.,* 28 Wn.2d 1, 27, 182 P.2d 643 (1947). As Steinert, J., speaking for the court, said in that case, estoppel may not be used to enforce a promise which is contrary to a statute and to its policy. Quoting from *Reed v. Johnson,* 27 Wash. 42, 67 P. 381, 57 L.R.A. 404 (1902), this court said:

> "The nonenforcement of illegal contracts is a matter of common public interest, and a party to such contract cannot waive his right to set up the defense of illegality in an action thereon by the other party. . . . it becomes the duty of the court to refuse to entertain the action. . . . The appellants are not estopped to raise the illegality of the contract because of their course of dealing with respondents under the contract. *Validity cannot be given to an illegal contract through any* principle of estoppel." (Italics ours.)

See the additional authorities which are cited therein, giving voice to the principle which is basic in the law that a contract which is forbidden by statute is an "illegal" contract and is unenforceable.

In *Hederman v. George,* 35 Wn.2d 357, 362, 212 P.2d 841 (1949), we approved the following statement taken from Pomeroy's Specific Performance of Contracts § 286 (3d ed. 1926):

> "Where two persons with equal knowledge and equally

participating in the fault, have entered into an illegal agreement, and one of them has obtained by the other's voluntary act all the benefit of it for himself, his refusal to perform on his own part is, generally considered in itself alone, unjust and inequitable; but the law sustains him in this position, because it takes into account the interests of society and of the state, which demand the complete suppression of such agreements."

That case was also involved with a regulation of business (the sale of stock) designed, as the statute is here, to protect the public.

It is true that the act does not penalize a member of the public who contracts with an unlicensed contractor and in fact affords him a windfall, but this does not make the contract a legal one as far as the contractor's position and rights are concerned. The legislature has taken account of the fact that persons who contract with unlicensed contractors are often victimized and it has determined that an effective method of protecting the public from such contractors is to deny recovery to one who has actually performed work which he unlawfully contracted to perform.

It is true that the act does not give the innocent party a right to reimbursement if he has paid the contractor. Thus, a contractor who has been paid voluntarily is apparently allowed to retain the benefits of his unlawful act. However, it is clear that he may not obtain redress in the courts if the party for whom he has performed work refuses to pay. This is the "teeth" of the statute.

To say that because the work has been done and the respondent has benefited, he should have to pay is to ignore the express intent of the legislature and to emasculate the statute. If RCW 18.27.080 means anything at all, it means that, even though a contractor can prove in court that he did a masterful job and invested a great deal of time and money in the work, unless he can show that he was licensed when he entered into the contract he cannot maintain a suit for compensation. If the section does not deny compensation to one who would otherwise be entitled to compensation, it imposes no penalty at all. In accord is

*Grammer v. Skagit Valley Lbr. Co.*, 162 Wash. 677, 299 P. 376 (1931), upholding a trial court decision dismissing an action for a commission brought by an unlicensed real estate broker.

The judgment is affirmed.

HUNTER, J., concurs.

FINLEY, J., concurs in the result.

NEILL, J. (concurring)—I agree with the result in this case, but believe that a concurrence is necessary to assure understanding of the limited scope of this decision.

The sole issue presented by this appeal is whether an unlicensed contractor may avoid the bar of RCW 18.27.080 in his action for compensation by suing on a check given as conditional part-payment rather than on the underlying obligation for which it was issued. The record contains nothing to indicate that the check was anything more than the usual conditional payment. *See Lincoln County v. Gibson*, 143 Wash. 372, 255 P. 119 (1927). *Cf., Hartmeier v. Eiseman*, 34 Wn.2d 225, 208 P.2d 918 (1949). Thus our decision has no bearing on issues as to the existence and effect of full and actual payment on the statutory defense. Also, it is conceded by plaintiffs that their action on the underlying obligation represented by the check is one for compensation, an action clearly proscribed by the statute. RCW 18.27.080. Accordingly, this decision does not pertain to the extent of the defense established by RCW 18.27.080.

The language of the majority opinion should not be taken as implying that an obligation rendered unenforceable by RCW 18.27.080 is void ab initio. Such an implication would be inaccurate as completely unnecessary to the decision in this case. Also the implication would be inherently unsound in that it ignores the distinction between real and personal defenses to a negotiable instrument. The defense asserted is the illegality of the underlying obligation—a defense which may be real or personal depending on whether the law declares that the illegality renders the underlying obligation entirely null and void or merely unenforceable. If the former, then the defense to the instrument is "real" and may be asserted even against a holder in due course.

If the latter, then the defense is "personal" to the parties and those with knowledge of it, and cannot be asserted against a holder in due course. This elementary distinction has long been recognized by our court. *See Gray v. Boyle*, 55 Wash. 578, 104 P. 828 (1909) (illegal insurance rebate); *Ash v. Clark*, 32 Wash. 390, 73 P. 351 (1903) (gambling debt). The distinction is not altered by the Uniform Commercial Code, which refers to local law for a characterization of the particular illegality. RCWA 62A.3-305, Official Comment 6. *See* 11 Am. Jur. 2d *Bills and Notes* § 687 (1963). Nowhere in RCW 18.27 is there a statement or necessary implication that any illegality of the underlying obligation renders it, or a negotiable instrument given in payment, null and void. Nor should we read such effect into the statute. *Gray v. Boyle, supra.* Neither would such an implication conform with the direct statement in the majority opinion that the statute does not allow for recoupment once payment has been made.

Defendants avoid liability on their check, not because the underlying obligation is void ab initio, but because plaintiffs do not enjoy the status of holders in due course. To the contrary, plaintiffs and defendants are the original parties who participated in the underlying transaction and are not ignorant of the defenses arising therefrom. Thus, plaintiffs are subject to personal as well as real defenses. RCW 62A.3-802(1)(b), which provides for an action on either the instrument or the underlying obligation, does not immunize an original party to the instrument from otherwise valid defenses. Here, plaintiffs are subject to the defense provided by RCW 18.27, the validity and effectiveness of which they do not otherwise contest. This defense to the underlying obligation is also a defense to plaintiffs' action on the check. *See* RCWA 62A.3-305, Washington Comment (2)(b), Official Comment 6. Accordingly, I join the affirmance of the trial court.

STAFFORD, J., and DONWORTH, J. Pro Tem., concur with NEILL, J.

HALE, J. (dissenting)—The court has, I think, expanded

the operation of a minor regulatory measure to a point where it inevitably fosters an unjust enrichment and impairs the obligation of valid contracts. U.S. Const. art. 1, § 10. RCW 18.27.020 affords the public only modest protection; it should not be construed as though it were a major police measure. The broad and overencompassing effect given the statute, in my opinion, is not necessary to its vindication. Aside from making it a misdemeanor to bid or work as a contractor without having a certificate of registration (RCW 18.27.020), the statute requires only a $2,000 bond for general contractors and a $1,000 bond for specialty contractors. RCW 18.27.040. Applicants for a certificate of registration are not required to pass any examination or demonstrate skill, proficiency or training in the building arts. The enactment is as mild an exercise of the police power as one can imagine; I would not, as I think the court has done, give it earthshaking dimensions.

We have already given broad enough application to this legislation in *Stewart v. Hammond,* 78 Wn.2d 216, 471 P.2d 90 (1970), denying recovery there to a contractor for labor performed and material supplied. There, although the contractor had been partially paid for his work, we refused him recovery of the balance due upon the categorical provisions of RCW 18.27.080, which declares that an unregistered contractor cannot "maintain any action in any court of this state for the collection of compensation for the performance of any work." In denying recovery of compensation for work done and labor furnished, we gave the statute literal application despite the fact that it resulted in what equity would hold to be an unjust enrichment.

Nowhere in the rationale of that case, however, can the idea be found that this court would have gone so far as to grant the owner a recovery back of the money he had already delivered to the contractor in partial payment of the contract. *Stewart v. Hammond, supra,* did not go beyond affording an owner the statutory remedy precisely as prescribed, *i.e.,* to deny a contractor access to the courts for

direct recovery of compensation in an action brought on a building contract.

The court now gives the statute even broader application than it did in *Stewart v. Hammond, supra*, for plaintiff is not seeking to enforce the terms of a construction contract but to recover upon a check. The statute does not make building contracts illegal, unlawful or immoral; it merely makes them unilaterally unenforceable. This is not an action on a construction contract, but one upon a check legally delivered and accepted in payment of a lawful debt. Having performed a legal and lawful contract and been paid for it by check, the plaintiff, as the court points out, is maintaining his action " 'on either the instrument or the obligation,' " according to his right of election under the Uniform Commercial Code. RCW 62A.3-802(1)(b).

By extending the statute to bar action on the check, the court has made the contractor's registration statute work an impairment of a valid contract. It treats a contract to construct a building—to perform work and to supply materials—as though it were an agreement to perform an illegal, unlawful or immoral act. In applying the statute as a bar to recovery on a check delivered and accepted in payment of work performed and materials furnished, in the absence of any other defense such as breach of contract or faulty workmanship and materials, the court adopts an interpretation which deprives a contractor of his pay and at the same time permits another to keep his materials and the results of his labor without paying for them. Since this is not an action upon a construction contract but one to recover upon a check delivered to a contractor in part payment for work performed and materials delivered, if the statute not only bars action on the contract but renders illegal all consideration delivered or transferred in the course of or after performance, it follows that the contracting owner not only may refuse payment to an unregistered contractor for the unpaid balance but may recover back all advancements paid or consideration delivered to him during the course of construction. I doubt that any court will go so far.

As thus applied by the court, the statute not only vitiates general equitable principles against unjust enrichment, but unconstitutionally, in my opinion, impairs the obligation of contract. Plaintiff, in electing to sue upon a note, or more accurately a bank check given in payment for his work, does not escape the consequences of the penal section (RCW 18.27.020), nor gain any of the privileges and rights vouchsafed him had he registered. Not only could he have been prosecuted for the misdemeanor of bidding and performing without having first acquired a certificate of registration, but he lost his rights to file and enforce mechanic's liens for nonpayment and recovery of reasonable attorney's fees. Thus, the construction given it is not essential to the statute's continuing viability.

We must infer that the check was given in payment of an honest debt. Having received the benefits of plaintiff's work and labor, defendants sought to pay this honest debt by voluntarily delivering their check in payment of it. In ordering a stoppage of payment solely because of the plaintiff's failure to have obtained a contractor's certificate of registration, defendants have repudiated an honest debt— a debt actually acknowledged to be honest by the act of payment. Construing the statute so as to support this repudiation has, I think, stretched the contractor's registration statute to untenable lengths and to a point where it operates actually to impair the obligation of a valid and subsisting agreement to pay money.

This is not the case of a contract to accomplish an illegal purpose, or a legal purpose by unlawful means, or of a contract rendered illegal by subsequent legislation, or by change in decisional law. *Douglass v. County of Pike*, 101 U.S. 677, 25 L. Ed. 968 (1879). The purpose of the contract to build or alter a structure was not only lawful but socially beneficial. Despite the contractor's continuing liability for prosecution for a misdemeanor for failing to register as a contractor, the debt remained an honest one for an honest job of work, honestly paid for by check. This cause of action did not even arise until the check had been dishonored.

That Mr. Vedder had not obtained a contractor's certificate under RCW 18.27.020 did not ipso facto preclude the Spellmans from incurring an honest debt for an honest job of work. Impairment of an obligation means refusal to pay an honest debt. *Faitoute Iron & Steel Co. v. Asbury Park*, 316 U.S. 502, 511, 86 L. Ed. 1629, 62 S. Ct. 1129 (1942). Although the constitutional provision against impairment of obligation of contract is directed primarily against the legislative enactments of the states (*Barrows v. Jackson*, 346 U.S. 249, 97 L. Ed. 1586, 73 S. Ct. 1031 (1953); *McCoy v. Union Elevated R.R.*, 247 U.S. 354, 62 L. Ed. 1156, 38 S. Ct. 504 (1918)), the judicial actions of the state courts in construing a statute so as to produce an impairment will be regarded as state action impairing the obligation of contract in the particular instance under examination. *Columbia Ry., Gas & Elec. Co. v. South Carolina*, 261 U.S. 236, 67 L. Ed. 629, 43 S. Ct. 306 (1923); *J. W. Perry Co. v. Norfolk*, 220 U.S. 472, 55 L. Ed. 548, 31 S. Ct. 465 (1911).

Accordingly, I would reverse.

HAMILTON, C. J., and McGOVERN, J., concur in the result of the dissent.