Argued April 23, reversed July 2, reconsideration denied August 14, petition for review denied October 16, 1979

BARLEAN, *Respondent,*
*v.*
ROGERS, et al, *Appellants.*
(No. 77-12-E, CA 11554)

596 P2d 1327

Karen C. Allan, Medford, argued the cause for appellants. With her on the brief was Frohnmayer, Deatherage, Foster & Purdy, Medford.

Walter L. Cauble, Grants Pass, argued the cause for respondent. With him on the brief was Schultz, Salisbury, Cauble & Snider, Grants Pass.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from a decree of foreclosure in a suit to quiet title to a parcel of real property in Josephine County. The transaction giving rise to the suit was the sale in 1975 of a restaurant and lounge in the state of Washington. The terms of that sale[1] were a total purchase price of $225,000 with $10,000 cash down, a 180-day note in the amount of $15,000, and the balance amortized in monthly payments with 8 percent interest. The note was secured by the property which is the subject of this appeal. The security arrangement called for the owners of the Josephine County property to execute a quitclaim deed in favor of the sellers of the restaurant. This deed and the note were held in escrow until the due date of the note. At the due date the deed would either be returned to the purchasers if payment had been made or if payment had not been made it would be tendered to the sellers.

The sale agreement was executed and the down payment tendered. Three of the monthly installments were paid. The buyers defaulted on the fourth. The sellers brought a forfeiture action in the Superior

---

[1] The contract provided in pertinent part:

"2. Purchase price. The purchase price shall be $225,000 plus the cost of inventory at closing, allocable as indicated on the attached schedule. The purchase price is payable in the following manner:

"(a) $10,000 cash down

"(b) $15,000 note bearing interest at 8% per annum payable 180 days from date or sooner if the property securing it is sold. Said security shall be in the form of a Quit Claim Deed from Purchaser to Seller to be held in escrow by Flynn, Anderson & Adelstein with the following instructions: If the note is paid in full, the deed shall be returned to the purchaser. If the note is not paid within 180 days, the deed shall be delivered to Seller. The Purchaser agrees to not further encumber the property. The legal description of the property is as follows:

"39-8-11 TL 801 Code 5 - NE 1/4 of SW 1/4 Sec. 11 TWP 39 So. RB W.W.M. Josephine County of Oregon.

"(c) Balance of $200,000 plus inventory cost and adjustments shall bear 8% per annum interest and be paid monthly in payments of $1672.90 or more principal and interest until paid in full."

Court of the State of Washington. A default judgment was taken, providing in part as follows:

> "The plaintiffs shall retain as liquidated damages for the breach of the contract all payments heretofore made by the defendants on account of the contract, together with any and all improvements placed on the property since execution of the contract."

The sellers repossessed the restaurant.

On January 5, 1977, the sellers filed this suit to quiet title to the Josephine County property. The complaint alleged nonpayment of the note. The sellers sought a declaration that the quitclaim deed was a mortgage and prayed that the mortgage be foreclosed and title quieted in them.

The determinative issue is whether the note was evidence of the buyers' indebtedness or whether it was executed part payment of the purchase price. If the note was evidence of indebtedness, it would be conditional payment only and would not have been forfeited along with the payments already made. It could not now be sued upon because a suit to enforce it is a remedy inconsistent with exercise of plaintiff's right to forfeiture. On the other hand if the note constituted executed part payment of the purchase price, the note is separate from the contract and any action terminating the contract would have no effect on the enforceability of the note.

Both parties agree that Washington law controls. The general rule in Washington, as in most jurisdictions, is that payment by instrument is a conditional payment unless the parties otherwise agree. Whether such an agreement existed between the parties in this case is a question of fact. *Hartmeier v. Eiseman*, 34 Wash 2d 225, 208 P2d 918 (1949). The burden of proof is on the party asserting the existence of the agreement altering normal expectation. *Blenz v. Fogle*, 127 Wash 224, 220 P 790 (1923). As a related procedural matter, the Washington Supreme Court has found in favor of the absolute nature of a note only where the

evidence of the parties' intent has been unequivocal. *See Simmons v. Garden Spot Ranch, Inc.*, 68 Wash 2d 131, 411 P2d 857 (1966), in which a written agreement between the parties provided that the note was "part of the consideration and down payment," and *Rathke v. Dexter Horton Nat. Bank*, 161 Wash 434, 297 P 181 (1931), in which the contract acknowledged receipt of the note, the note had a repayment schedule, payments were made on the note, and the note was assigned separately from the contract.

■ The trial court found that such an agreement existed,[2] but on de novo review, ORS 19.125(3), we find otherwise. The only direct evidence of intent was an ambiguous recitation at trial by the seller of his own testimony given in an earlier deposition. This does not overcome the normal legal characterization of payment by note as a conditional payment. The conditional nature of the note is further supported by the testimony of the sellers that they never actually received the note; it was held in escrow along with the deed. On this state of the evidence, we find that the sellers have not met their burden of proof.

Reversed.

---

[2] "[THE COURT:] It is a question of fact as to whether or not the $15,000.00 promissory note was simply additional evidence of the indebtedness under the contract for the sale of 'Pat's Place' or whether the promissory note and mortgage was received in lieu of cash and as payment pro tanto on the contract price. The Court finds that considering all of the circumstances present in this case, that the $15,000.00 promissory note was not simply additional evidence of the indebtedness under the contract, but that the note and mortgage were given in payment pro tanto on the contract price."